## CAMDEN *v.* VAIL *et al.*

A MORTGAGE, executed by a married woman on real estate, without the signature of her husband, is void and cannot be enforced.

The equitable lien which a vendor of real estate, after an absolute conveyance, has, for the unpaid purchase money, is waived by the taking of a mortgage to secure the same, although the mortgage is void and cannot be enforced.

APPEAL from the District Court, Ninth Judicial District, County of Shasta.

On the first day of October, 1860, J. H. Robinson sold to E. M. C. Vail a hotel at Shasta, and executed and delivered to her a

41

deed therefor.   She was at the time the wife of the defendant in this action, G. S. C. Vail.   For a part of the purchase money, she executed to him the mortgage to foreclose which this action is brought.   The Court below rendered the usual decree for a sale of the mortgaged premises.   The defendants G. C. S. Vail and Crosby appealed.

*Garter* and *Crocker & Robinson*, for Appellants.

The mortgage was the separate contract of the wife, and the husband cannot be sued upon it.   (*George* v. *Ransom*, 15 Cal. 322 ; *Meyer* v. *Kinzer & Wife*, 12 Id. 247.)   The property was her separate estate.   (*Morrison* v. *Wilson & Wife*, 13 Cal. 494.)   And the wife could not mortgage the property so as to create a lien upon it for herself or for her husband.   (*Harrison* v. *Brown*, 16 Cal. 287.)

But the case of *Meyer* v. *Kinzer & Wife* (12 Cal. 247) entirely refutes the idea that the wife was the agent of the husband (Vail) in the purchase and mortgaging of the estate in question.   The wife took the deed in her own name, mortgaged it in her own name as her act and deed, and acknowledged it as her own deed.

But without the proper showing by the pleadings, or proof on the trial, that the wife bought the property with her own separate means, under the other circumstances of this case, the law would not sustain the theory of an agency, but would establish a community in the property between the husband and the wife.   (*Meyer* v. *Kinzer & Wife*, 12 Cal. 247 ; *Harrison* v. *Brown*, 16 Id. 287.)

And if the property mortgaged was the common property of the husband and the wife, then the wife could not dispose of it in any manner.   (Wood's Dig. 487 ; Act of April, 1850, Secs. 2–9.)

If the property was the separate estate of the wife, she failed to comply with the law, and the mortgage is of no effect.   In such case, the husband must join with the wife in the deed.   (Wood's Dig. 488, Sec. 6.)

*W. H. Rhodes*, for Respondent.

We contend that this hotel property, having been deeded to defendant Vail's wife during the coverture, is common property,

liable to his debts and subject to his sole disposition.  All property acquired by either spouse after marriage, except such as may be acquired either by gift, grant, or devise, is common property, and subject to the exclusive control of the husband, no matter in whose name the title is vested.  The fact that the title was taken in the wife's name raises no presumption even of separate estate. (Schmidt's Civil L., 12, Arts. 43, 51, 63 ; *Tryon* v. *Sutton,* 13 Cal. 490 ; *Pixley* v. *Huggins,* 15 Id. 127 ; *Meyer* v *.Kinzer,* 12 Id. 247 ; *Kohner* v. *Ashenauer,* 17 Id. 581.)

All the papers executed at the same time are to be construed together and in law are but one instrument.  Hence, the estate passed to the husband, and the wife's note and mortgage are to be taken as executed by him.  (*Ingoldsby* v. *Juan,* 12 Cal. 577 ; 4 Kent's Com. 173, 6th Ed.; *Lassen* v. *Vance,* 8 Cal. 271.)

Cope, J. delivered the opinion of the Court—Field, C. J. and Norton, J. concurring.

This is an action to foreclose a mortgage, which the complaint avers was given by the defendant Vail " in the name and under the signature and seal " of his wife.  It is averred that Vail purchased the mortgaged property. of one Robinson, taking the conveyance in the name of his wife, and that the mortgage was given to secure the payment of a portion of the purchase money.  The plaintiff claims by assignment from Robinson, and alleges that the property has been conveyed by Vail and wife to the defendant Crosby, but that the conveyance was fraudulent and without consideration. The only answer in the case is that of Vail, which denies any connection on his part with the purchase or the mortgage, and avers that the purchase was made and the mortgage given by his wife on her own account.  Crosby, by failing to answer admits the matters charged, so far as he is concerned, and the facts are found by the Court in accordance with the allegations of the complaint.

The first point made is, that Mrs. Vail is a necessary party ; but in the view we take of the case this point is not material, as we are of opinion that the mortgage cannot be enforced.  It is unnecessary to go into the question of the effect of the conveyance from Robinson ; for whatever its effect may have been, it is evident that

the mortgage is inoperative.   So far as Mrs. Vail is concerned, it is admitted that she had no power to execute it in her own behalf, and it is clear that its execution cannot be regarded as the act of her husband.   The averment that it was made by him states that it was made in her name and that the signature and seal are hers, and the mortgage purports throughout to be her act and deed.   It is not pretended that he signed it, using her name in place of his own, and the certificate of acknowledgment shows that it was in fact signed by her.   To say that he made it, is to say that which cannot by any possibility be so.

The right of the plaintiff to enforce a vendor's lien is settled by the case of *Baum* v. *Grigsby* (21 Cal. 172).

Judgment reversed and cause remanded.

The above case was decided at the April Term, 1863, before Mr. Justice CROCKER went on to the bench.   A rehearing was granted, and the decision on the rehearing was rendered by the new Court, after the amendments to the Constitution went into effect, at the January Term, 1864.   The opinion on the rehearing does not conflict with the law as here laid down, and will be published in the 24th volume of Cal. Reports.—REP.