## CHARLES CAMDEN *v.* G. C. S. VAIL, AND FRANCIS CROSBY.

MORTGAGE—MARRIED WOMAN.—Where a mortgage is executed by a married woman upon real estate for the purchase money of the same, and such mortgage is void and cannot be enforced by reason of defective execution, the assignee of the mortgage by virtue of the assignment does not acquire any such interest in the mortgaged property as to entitle him to a decree rescinding the contract and setting aside the deed of conveyance, and restoring the parties to their original condition.

MORTGAGE—ASSIGNEE OF.—The assignee of such mortgage does not succeed to all the rights held by the mortgagee by virtue of his having been the owner of the premises, and of his having conveyed them without obtaining the stipulated consideration, but he only acquires such rights as the mortgage carries with it.

*Quere ?* Would the mortgagee, himself, be entitled to such relief ?

APPEAL from the District Court, Ninth Judicial District, Shasta County.

The facts of this case will be found reported in the 23d Cal. 633.

*Robinson & McConnell*, for Appellants.

This case has been ordered for re-hearing upon this one point : " Can the transaction set forth in this complaint be treated as a conditional sale" so as to do equity between the parties in this suit ?

To this question I answer, " No !" for the following reasons :

1st. Neither of the original parties to the contract are before the Court in this suit, and it is impossible to bring them in so as to do justice between them. What are the simple facts ? J. H. Robinson sold to E. M. C. Vail a certain piece of property for the sum of ten thousand dollars, and received four thousand dollars down, and took a note and mortgage for six thousand dollars. So far the case is plain and easily understood. After this, J. H. Robinson, the vendor,

sells, by indorsement, the note and mortgage to the plaintiff, Camden, and Camden brings suit on the note, and to foreclose the mortgage against G. C. S. Vail and Crosby. The Court holds, properly, that the suit cannot be maintained against the defendants, because they did not make the note or mortgage. What other right has Camden, the plaintiff? He bought a note and mortgage. So far as the defendants, or E. M. C. Vail, the maker, are concerned, the doctrine of *caveat emptor* applies to Camden, the plaintiff. If he has any remedy, it is against his assignor, J. H. Robinson, for selling him a note and mortgage which were worthless; but, as against the defendants, or the property, he can only act on his note and mortgage, and if they fail, his remedy is gone as to the defendants or the property.

Suppose the Court to be inclined to think there had been a fraud in the purchase which should require a Court to set aside the sale. The Court would not do so at the instance of a third party who had no interest in it; nor would the Court set aside the sale as to one party and deprive her of the property without the applicant putting that party in the same position in which she was at the outset. In this case, four thousand dollars of E. M. C. Vail was paid to J. H. Robinson. Before this sale can be set aside or annulled, this must be paid back. Does the plaintiff offer to pay back? No. Could the Court compel him to pay back that amount? No. Who is that money to be paid to? E. M. C. Vail, who is not a party in this suit, and so not within the jurisdiction of the Court. The Court cannot affect her right. Who is the four thousand dollars to be paid by? J. H. Robinson, who received it; and he is not before the Court. Thus, the parties are not before the Court, except to pass upon the note and mortgage as to the defendants.

*George Cadwalader*, for Respondent.

It so happens that the mortgage is void, and, consequently, incapable of enforcement, and, therefore, (equity refusing to

interfere,) the deed being good, and the mortgage bad, the vendee gets the property without consideration, as fully so as if she had given therefor forged securities or counterfeit bank notes.

Circumstances like these, however, call into play one great head of equity jurisdiction called " Rescission and Cancellation," under which relief is given in various forms.

Thus, Adams, in his work on Equity, page 418, says : " In accordance with such a doctrine, a contract may be set aside, if made for a consideration which was really ' non existent.' " (*Hitchcock* v. *Giddings*, 4 Price, 55.)    Again, page 416 : " The decree in such a case will be that the conveyance shall be set aside as an absolute sale, but shall stand as security for the principal and interest of the money advanced."    (1 Atkins, 301.)

In Hilliard on Vendors, page 16, it is said : " That a decree was proper ordering a partition among the heirs of C., and directing that B. should account for the rents and profits, be paid for the lasting improvements made by him, and refunded the purchase money paid by him since the death of C., with interest, and that A. should convey to the heirs according to their respective interests."    (*Lynn* v. *Lynn*, 5 Gilman, 602.)

Hilliard on Vendors, page 302 : " With regard to the respective rights of the parties after a sale has been rescinded, if the vendee has had the possession, he must account for the profits exceeding the improvements ; he has a lien on the land for his purchase money and interest, and the value of the improvements, and is liable for rents, etc."    (1 A. K. Marshall, 434.)

Thus it will be seen that the authorities support and commend equitable decrees which protect all outstanding equities.

The deed and the mortgage back are considered simultaneous acts, or parts of the same transaction. (*Lassen* v. *Vance*, 8 Cal. 271 ; Hilliard on Vendors, p. 27 ; *Stow* v. *Tifft*, 15 Johnson, 462 ; *Holbrook* v. *Finney*, 4 Mass. 569.)

In *Van Horne* v. *Crain*, 1 Paige, 454, it was said : " Separate instruments, executed at the same time, and relating to the

same subject matter, may be construed together, and taken as one instrument."

In *Lynde* v. *Budd*, 2 Paige, 192, Chancellor Walworth observed : " In this case the deed and mortgage, being given at the same time, are to be construed together as forming only one instrument or contract ; the infant cannot avoid one part and affirm the other."

It is not an objection to this relief that Mrs. Vail is not a party to the suit, for upon the conveyance to her (which was during coverture) by force of the statute concerning " Husband and Wife," it became common property, and as such came under the sole control of the husband. (See sections 2 and 9 of Act ; Wood's Digest, 487–8.)

And the husband alone was the necessary party to the suit concerning this property. (*Pixley* v. *Huggins*, 15 Cal. 127.)

Camden is subrogated to all the rights of Robinson.

In *Johnson* v. *Dopkins et al*, 3 Cal. 391, it is said, that the purchaser of a mortgage is subrogated to the rights of the mortgagee.

And in *Swift* v. *Kraemer*, 13 Cal. 526, Mr. Justice Baldwin said : " These last mortgagees would be in equity assignees of the debts they paid, and be subrogated to the rights of their assignors, for in equity the substance of the transaction would be an assignment of the old mortgages in consideration of the money advanced." (*Burrell* v. *Schie*, 9 Cal. 106 ; *Robinson* v. *Leavitt*, 7 New H. 73 ; 4 Johnson's Chancery, 370.)

In *Himmelman* v. *Schmidt*, 23 Cal. 117, this Court says : " A Court of equity, under such circumstances, even if it came within the provisions of the Act, would treat it, to the extent of the old mortgage included in it, as a substitute for the former mortgage, and, to that extent, a valid incumbrance upon the property." (*Dillon* v. *Byrne*, 5 Cal. 455.)

1st Hilliard on Mortgages, p. 493 : " Thus, it is held in general, that when a mortgagee makes a deed of assignment upon the back of the mortgage deed, or by a separate instrument referring to it, the assignee is put in the place of the mort-

gagee to all intents and purposes, unless a different intention is apparent from the contract."

In *Pierce* v. *Robinson*, 13 Cal. 116, Mr. Justice Field applied the doctrine of "Equitable Assignments," which seems to be usually applied from the circumstances of a case, rather than from the express agreements of the parties. A notable instance of the kind is the case of *Dana* v. *San Francisco*, 19 Cal. 486.

In this case, it is evident that when Robinson parted with his mortgage to plaintiff he wholly divested himself of all interest in the property, and that whatever the sort of the security he held against the property became vested in the plaintiff, upon the transfer of the note and mortgage, while the possession of the same by plaintiff put him, *quoad* the property in dispute, in Robinson's shoes. Robinson, by the sale, could no longer receive money from the mortgagee. Neither could the mortgagor make valid payments to him, nor could Robinson sustain any suit in regard to the property. He could not sue on the mortgage, for it no longer was his property. Neither could he sue for a rescission of the contract, after disposing of the notes and mortgage.

By the Court, SAWYER, J.

This case was decided at the April term, 1863—(23 Cal. 633.) It was then held—all the Justices concurring—that the mortgage sought to be foreclosed was inoperative and could not be enforced. Subsequently the same Justices ordered a re-argument, not, as we understand it, on account of any doubt as to the soundness of the previous decision, but with a view, owing to the hardship of the case, of ascertaining if any modification of the judgment could be made by which the plaintiff might have a remedy in this action. We infer this to be the case from the fact that the counsel were directed by the Court to confine their attention upon the re-argument to the single point as to " whether the principles of equity would not warrant this Court in declaring that (the mortgage being invalid) the consideration of the deed of Octo-

ber, 1st, 1860, failed, and in consequence thereof plaintiff is enti-
tled to a rescission of the contract in the form of a conditional
decree restoring the parties to their original condition." And
the arguments of counsel have been mainly directed to that
question.

Upon a review of the case, we are satisfied with the former
decision upon the point that the mortgage in question is
inoperative and void; and the only question left for our con-
sideration is the one discussed on the re-argument with refer-
ence to the judgment to be entered in the case. Possibly a
Court of equity, in a proceeding in the nature of that suggested,
or some other, would have been competent to afford a remedy
to Robinson, or a party succeeding to his rights in the prem-
ises. But, however that may be, this is not the proper pro-
ceeding. The present action is the ordinary one for the fore-
closure of a mortgage. It proceeds entirely upon the theory
that there is a debt due secured by a valid mortgage; that the
plaintiff is entitled to have the mortgaged premises sold under
a decree of foreclosure to satisfy the debt, and to a judgment
against the maker of the notes for any balance that may remain
unsatisfied. Such is the cause of action alleged, and such the
judgment prayed for. But a complaint would have to be
framed upon an entirely different theory to reach the case dis-
closed by this record. Neither of the parties to the original
transaction is before the Court. The plaintiff is here simply
as the assignee of the notes and mortgage in question. His
mortgage proves to be void; and being void, he has acquired
no interest whatever in the land. He acquired such rights
only as the notes and mortgage, as such, carry with them by
the ordinary assignments of such instruments. He has not,
either in law or equity, succeeded to all the rights held by
Robinson by virtue of his having been the owner of the prem-
ises in question, and of his having conveyed them without
obtaining the stipulated consideration.

Admitting that Robinson, either on the ground of fraud, or
want of consideration, or otherwise, might have obtained a
conditional decree of the Court for a payment of the balance

of the price, or in default thereof, for a rescission of the contract of sale and a reconveyance of the premises upon such terms as the Court might adjudge to be just, still such right of action was not expressly assigned to plaintiff, and it did not pass by the mere indorsement of the notes and assignment of the mortgage in question.

Upon the case disclosed by the record, we cannot perceive that the plaintiff has any remedy at all against these defendants. His remedy—if he has any—is against Robinson. He asked in his prayer the only relief that was competent for the Court to grant on the case stated in his complaint. He could not amend without substituting an entirely new and different cause of action, and one which, it is quite evident, he is not in a position to maintain.

In any proceedings to set aside the conveyance, it would, of course, be necessary that all persons interested should be made parties to the suit, as a decree granting such relief could only be made upon the condition of a repayment of such portion of the purchase money as has already been paid.

This is apparently a case of great hardship, and we regret exceedingly that no mode could be suggested by which a remedy might be afforded in this action. Under the view we have taken, a new trial would evidently be useless.

The judgment is therefore reversed and the Court below directed to dismiss the complaint.