ARGUED AND DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF OREGON.

## SEPTEMBER TERM, 1869.

---

GEORGE A. PEASE, ADMINISTRATOR, RESPONDENT, *v.* JAMES
K. KELLY AND OTHERS, APPELLANTS.

VENDOR'S LIEN.—A mortgage is a more certain security than a vendor's lien,
and under our laws, the taking of a mortgage for the purchase money,
is a waiver of the vendor's lien.

IDEM.—A vendor's lien exists in case there is no higher security.

IDEM.—Both the lien of a mortgage and a vendor's lien cannot exist at the
same time.

THE complaint in substance alleges that Robert Moore in
his lifetime, in 1852, sold and conveyed by deed to Daniel
H. Ferguson, a tract of land, and water privilege at the
Willamette Falls, for fifty thousand dollars; of which sum
forty-five thousand remained unpaid, and a note for that
amount was taken by Moore, secured by mortgage on the
premises. In 1853, Ferguson sold the premises subject to
the mortgage, to the Willamette Falls Transportation Com-
pany, who made extensive improvements thereon, and failed;
leaving their work subject to the liens of mechanics and
material men, in addition to the incumbrance of this mort-

28

gage. In 1854, Moore assigned this note and mortgage, by written assignment to O. C. Pratt, to secure the payment of a sum of money, loaned by Pratt to Moore. In 1855, Pratt assigned by written assignment to Leander Holmes, and, at the same time, Moore executed a second assignment of the note and mortgage to Holmes, but, at the same time, and as a part of the same transaction, took back an agreement from Holmes to pay him (Moore) certain sums of money, and especially $9000, which sums were to be secured to Moore by a new mortgage on the land in question, so soon as Holmes should get the legal title, and discharge the premises from certain mechanics' liens, which were pending against the property, amounting to about $9,000.

*J. K. Kelly* and *Mitchell & Dolph*, for Appellants.

A vendor's lien, recognized by the courts of some of the states, and rejected by others, is a dangerous principle, and one opposed to the prevailing policy of this country, which discourages secret liens. (*Bayley* v. *Greenleaf*, 7 Wheaton, 78; 5 Curtis, 216; 1 Lead. Cases in Equity, 363; *Simpson* v. *Munou*, 3 Kansas, 182.)

Taking an express security on the land itself for the whole amount unpaid, as by a mortgage, will merge the implied lien. (*Brown* v. *Gilman*, 4 Wheat. 255; 27 Ill. 422; *Fish* v. *Howland*, 1 Paige, 30, 31; and others.)

A vendor's lien will not be enforced against a *bona fide* purchaser without notice. (7 Wheaton, 50; 1 Leading Cases in Eq. 371.)

*Logan & Shattuck, J. B. Upton* and *Bronaugh & Bybee,* for respondent.

Even if it be held that Moore's assignment of the $45,000 note and mortgage to Holmes was full, so as to divest Moore at law of all interest in and control over those writings, yet, if $9,000 of the *purchase money* of the land, intended to be evidenced and secured by those instruments, remains actually due to Moore, under the agreement be-

tween him and Holmes, at the time of assigning the note and mortgage; and if the defendants had notice, actual or constructive, of that fact at the time they became the purchasers of the land, then Moore's estate still retains in equity a vendor's lien against the land for said $9,000 debt, unless Moore did some act amounting to a waiver of such lien. (4 Kent, 152; 1 John. Ch. R. 308; 5 Ohio, 35; 18 Ark. 142; 1 Paige, 23 and numerous other cases cited.)

The taking of a *distinct* security for the purchase money, is a waiver of this lien, but the taking of a mortgage on the land is not. (17 Ohio 500.)

The rule *caveat emptor* applies to Kelly's purchase at sheriff's sale, of the interest of the Willamette Falls M. & T. Co. in the land. (2 Kent, 78; 16 Cal. 559; 9 Wheat. 616, 648, and other cases.)[1]

BOISE, J.    In this case, Moore took a note and security on the land for the purchase money.    A mortgage is a more certain and definite security than a vendor's lien.    The lien exists if there is no higher security, but we think that the taking of a mortgage, which is an open and public lien, is a waiver of the vendor's lien, and we think that both liens cannot exist at the same time, and such seems to be the well established doctrine of the cases.    (*Brown* v. *Gilman,* 4 Wheat. 255; *Fish* v. *Howland,* 1 Paige, 30; *Hunt* v. *Waterman,* 12 Cal. 30; *Camden* v. *Vail,* 23 Cal. 633; 1st Leading cases in Equity, 365; 27 Ill. 422.)

This view of the matter necessarily disposes of all the questions in the case, and it will not be necessary in disposing of the case, to consider the numerous other points which were discussed on the argument.

The judgment will be reversed.

---

1.    The briefs in this case are very full, and embrace very many points of interest to the bar.    Only such points are referred to here as belong to the views taken by the court.—REP.