J. C. TRULLINGER, PLAINTIFF AND RESPONDENT, v. N. KOFOED, MARY J. A. KOFOED, PETER RUNEY AND G. W. PARKER, DEFENDANTS AND RESPONDENTS, AND B. G. CRANE, DEFENDANT AND APPELLANT.

APPLICATION OF PAYMENTS—CREDITOR MAY DETERMINE WHEN.—A debtor, when he pays a sum of money to his creditor, may direct to which of different debts due from him to his creditor it shall be applied. If he does not so direct the creditor may make the application of the payment, and if neither of the parties make the application, then the court may make it, and will generally apply it on a debt that is unsecured in preference to one that is secured.

MECHANICS' LIEN WAIVED BY TAKING MORTGAGE.—When a mechanic has a lien on real property for materials and labor furnished by him in erecting a building thereon, he waives the same by taking a mortgage on said property to secure the amount due him for which he has said lien.

THE respondent Trullinger furnished Kofoed certain materials for a building in Astoria, amounting to nine hundred and three dollars and thirty-six cents, for which he claimed a lien upon the building and lot. He included in his account an item of thirteen thousand one hundred and twenty-five feet of lumber which was not used in the building, but was used in constructing streets adjacent thereto.

The respondent Runey furnished material and performed work on the building in question, for which he took the promissory note of Kofoed, secured by mortgage. On the same day, March 16, 1877, Runey duly filed notice of his intention to hold a mechanics' lien upon the building in question to secure his claim. The respondent Parker had a mortgage upon the same property, which was executed in December, 1876, and the appellant Crane had a mortgage executed March 13, 1877, the mortgages of both Parker and Crane being prior to that of Runey.

Trullinger brought suit to foreclose his lien. After his complaint was filed Kofoed paid him one hundred and forty-one dollars upon his demand, which sum Trullinger applied in payment of that part of his demand which was for materials used in constructing the sidewalk adjacent to the building in question.

The court below decreed that the one hundred and forty-one dollar payment should not go in reduction of Trul-

linger's lien, and that Runey had a mechanics' lien, notwithstanding his mortgage, anterior to the mortgage lien of Crane. The latter brings this appeal.

*O. F. Bell,* for appellant.

*J. Q. A. Bowlby,* for respondent Trullinger.

By the Court, BOISE, J.:

This case being at issue was referred to Frank J. Taylor to take the testimony and report the facts to be found by him to the court. And among other findings made by the said referee are the following on which the questions made in this case arise, to wit:

1. That between the first of August, 1876, and the eleventh day of October, 1876, plaintiff, J. C. Trullinger, furnished to defendant, N. Kofoed, boards, timbers, lumber and building materials to be used, and which were used, in the construction of the building described in the complaint, to the value of seven hundred and seventy-eight dollars and sixty-four cents, and also thirteen thousand one hundred and twenty-five feet of street lumber and timbers of the value of one hundred and twenty-four dollars and sixty-eight cents, which said street lumber and timbers were used in the construction of the street and sidewalk adjacent to said building, and that on the eleventh day of December, 1876, and prior to the completion of the building, plaintiff, J. C. Trullinger, filed in the clerk's office of the county of Clatsop his mechanics' lien, in the sum of nine hundred and three dollars and thirty-six cents, against said building and the parcel of land (lot 6, block 134, Shively's Astoria), on which said building is situated, and that said sum included the one hundred and twenty-four dollars and sixty-eight cents for the thirteen thousand one hundred and twenty-five feet of lumber and timber used in constructing said street and sidewalk; that since the commencement of the suit, said defendant, N. Kofoed, has paid said plaintiff the sum of one hundred and forty-one dollars.

The report then finds that between the fifteenth day of October, 1876, and the fifteenth day of March, 1877, de-

fendant Runey furnished materials and lathed and plastered said building, and filed a lien therefor for the sum of one thousand two hundred and sixteen dollars and twenty-five cents; that on the same day the defendants, Mary J. Kofoed and N. Kofoed, who were the owners of the property, gave to Runey a note for the same amount, due one day after date, and also at the same time executed a mortgage on this same property to secure the note; that the note and mortgage to Parker were executed in December, 1876, and the note and mortgage to Crane, the appellant herein, on the thirteenth day of March, 1877, and are consequently both prior to the mortgage of Kofoed and wife to Runey, and unless Runey's lien attaches, these mortgages would give Parker and Crane liens on the property prior to Runey's.

It therefore becomes necessary to consider the question whether Runey waived his lien by taking a note and mortgage on the property to which the lien attached. From this statement two questions are presented for our consideration:

1. Was the item for the thirteen thousand one hundred and twenty-five feet of lumber and timber used in constructing the street and sidewalk a lien, or if not a lien, was that item paid by the payment of the one hundred and forty-one dollars, paid, after the commencement of the suit, to Trullinger by N. Kofoed?

Trullinger claims that he so applied it, and that he had a right to do so as it was not applied by Kofoed when it was paid. As Kofoed did not make the application, Trullinger had the right to do it. (2 Parsons on Bills and Notes, 224.) And in case neither party had made the application, then the court could make it, and when the court does make such application, the payment will be first applied to unsecured debts. (2 Parsons on Bills and Notes, 228.) If, therefore, this payment was not applied by either Kofoed or Trullinger, it was the duty of the court to apply it as it did in the decree, first to the debt for the thirteen thousand one hundred and twenty-five feet of lumber used in the construction of the street and sidewalk, if that was not secured by the

lien, and the decree is right in this respect whether it was a lien or not.

We will now consider the other question, whether the taking of the note and mortgage was a waiver of the lien. It has been uniformly held in England and in nearly all the states of the Union, except some of the New England states, that the taking of a promissory note for a precedent debt, or for a thing sold, is not a payment of the debt, but is only evidence of the indebtedness and of the amount and present satisfaction to become an actual payment or satisfaction if paid at maturity. (*Cumber* v. *Wone*, 1 Smith L. C. 333; Houk on Liens, sec. 190.) And under the lien laws it has been held, and is the rule, that the taking of a negotiable note for the amount of work and materials furnished in constructing a building is not a waiver of the mechanics' lien, unless the time of payment is extended to a time that will extinguish the lien. It is claimed, however, in this case, that the taking of the mortgage by Runey on this same property was a waiver of the lien. It would seem from the record and the conduct of the parties that it was not the intention of Runey to abandon his lien and rely wholly on the mortgage for his security, for he filed his mechanics' lien on the same day that the mortgage was executed and filed. We can see no reason for taking the mortgage, unless he contemplated indulgence to Kofoed beyond the time when he would have to enforce his lien. He might have taken the note in order to have the amount of the debt fixed and interest secured; but the mortgage was no better security than the lien during the time that the lien would continue.

It is a rule that where a vendor takes a mortgage on the property sold he waives his vendor's lien, and it has been so held by this court. (3 Or. 417; 6 Ves. 752; *Lagow* v. *Badollet*, 1 Blackf. 416; *Gilmore* v. *Brown*, 1 Mason, 191; *Williams* v. *Roberts*, 5 Ohio, 35; 4 Kent. Com. 154; Houck on Liens, sec. 202.) And there seems to be no difference in principle between vendors' liens and the liens of mechanics, and it has been so held in many cases. (*Kinney* v. *Thomas*, 28 Ill. 505; *Gardner* v. *Hall*, 29 Ill. 277; *Gorman*

v. *Sagner*, 22 Mo. 137; *Borrows* v. *Baughman*, 9 Mich. 213; Phillips on Liens, sec. 280, and cases there cited.) From these numerous authorities the rule seems to be well settled that where a mechanic takes a mortgage, either on the same property to which the lien attaches or on other property, that he thereby waives his lien, and the reason is, as observed in many of the cases cited, that subsequent lien-holders and purchasers have a right to rely on the record, and should be protected against secret liens. In this case it is true that the lien was filed at the same time that the mortgage was given, but if the general doctrine be established, that the taking of a mortgage on the property is not a waiver of the mechanics' lien, a mechanic may hold a mortgage on the property and afterwards, at any time allowed by the statute, file his lien. In these cases of waiver, if it only concerned the immediate parties, it would ordinarily be a matter of little consequence how it was determined. "But when the acts of individuals become the motive to the conduct of others, it is important that such acts should be made to bear their natural construction, so that deceit and imposition upon third persons may be prevented. And though one of the parties to the transaction is overreached, or was in error as to its consequences, that error cannot be remedied at the expense of third persons."

The decree of the circuit court should be so modified as to postpone the claim of Runey to the claims of Parker and Crane under their mortgages. All the findings of fact made by the referee and circuit court are correct, and we only dissent as to the finding that the taking of the mortgage from Kofoed by Runey was not a waiver of his lien.