## J. C. TRULLINGER, RESPONDENT, v. N. KOFOED ET AL., APPELLANTS.

DISTRIBUTION OF PROCEEDS, ON RESALE OF PROPERTY.—When a sheriff's sale of real property is set aside by the judgment of the supreme court, and a resale of the premises is ordered, such resale must be made in conformity with section 293, subdivisions 3 and 4, on page 169 of the Code. And if, upon such resale, the property shall be sold to any person other than the former purchaser, the court must first repay the former purchaser the amount of his bid, out of the proceeds of the resale.

APPEAL from Clatsop County.   The facts are stated in the opinion.

*O. F. Bell*, for appellant.

*Robb and Fulton*, for respondents.

By the Court, KELLY, C. J.:

At the January term, 1878, of the circuit court for Clatsop county, a decree was rendered in favor of certain mechanic lien claimants against the defendants, N. Kofoed and Mary Kofoed.   The decree directed a certain building and lot of ground to be sold, and the proceeds to be distributed among the several claimants.   In the decree, precedence was given to the claim of Peter Runey, one of the defendants, over that of B. G. Crane, the appellant.   The house and lot were sold upon execution, on the nineteenth day of March, 1878, to W. W. Parker, for four thousand two hundred and eighteen dollars and twenty cents.   The purchase money was paid to the clerk, and the sheriff's sale was afterwards confirmed.   After the sheriff's sale was made, B. G. Crane appealed to the supreme court from the decree adjusting the liens of the different claimants, and also from the order confirming the sheriff's sale.   Both appeals were heard at the last term of this court.   The decree in relation to the several liens was so modified as to give preference to the claim of Crane over that of Runey.

The order confirming the sheriff's sale was reversed and this order entered:   "It is further ordered that this cause be remanded to the court below, with directions that a resale of the above-described premises be had herein, and for such further proceedings as are by law required."

When an order of resale is made, the manner of making the sale is prescribed in section 293, subdivisions 3 and 4, on page 169, of the code.

Upon the mandate of this court being filed in the court below, the following order was made:   "Upon the foregoing mandate order of the supreme court and upon the motion of O. F. Bell, esq., counsel for the defendant and appellant, B. G. Crane, filed herein, it is ordered that execution issue

to enforce the said decree and order of the supreme court; · that upon execution the property described in the said decree be resold as provided for in section 293 of the code of civil procedure; that if upon such resale the said property shall bring a greater amount than upon the sale already had under the order of this court, the said excess, after paying to the former purchaser the amount of his bid, if sold to any other person than such purchaser, shall be paid to the clerk of the court to be distributed as directed in said decree and order of the supreme court."

This order is in conformity with the provisions of the section referred to, and the court did not err in making it.

The judgment of the court below is affirmed, with costs.