## CRANE *v.* RUNEY.

*(Circuit Court, D. Oregon. January 18, 1886.)*

1. MONEY RECEIVED ON ERRONEOUS JUDGMENT.
    Where money is received on an erroneous judgment by a party thereto, the law, on a reversal of the same, raises an obligation against such party to restore the amount, which obligation may be enforced by an action as for money had and received to the use of the plaintiff therein.

2. CASE IN JUDGMENT.
    In a suit to enforce a mechanic's lien, the parties thereto, with others having liens on the same property, were made defendants, and the court, by its decree directing the sale of the property and the distribution of the proceeds among the parties, postponed the payment of the plaintiff's claim to that of the defendants, which portion of the decree the supreme court, on appeal taken after the confirmation of the sale and the distribution of the proceeds, reversed, and also ordered a resale. *Held* that, on the reversal of the erroneous decree, the defendant, in contemplation of law, held the money wrongly received by him thereon for the use and benefit of the plaintiff, to whom it should have been originally adjudged and paid, and that he might maintain an action to recover the same as for money had and received to his use; and the order of resale did not limit or affect his right in this particular.

Action to Recover Money.

*Claude Thayer,* for plaintiff.

*Raleigh Stott,* for defendant.

DEADY, J. This action is brought by the plaintiff, a citizen of California, to recover from the defendant, a citizen of Oregon, the sum of

$1,216.25, had and received by the defendant to the use of the plaintiff. The defendant demurs to the complaint, for that it does not state facts sufficient to constitute a cause of action. It is alleged in the complaint that on March 19, 1878, the defendant received from the county clerk of Clatsop county, to and for the use and benefit of the plaintiff, said sum of money, which of right should have been paid to him; that such clerk received said money as the clerk of the circuit court for said county from the sheriff thereof, as a part of the proceeds of the sale of certain real property theretofore sold by him to G. W. Parker, on a decree of said court, in a suit wherein J. C. Trullinger was plaintiff, and N. Kofoed, Mary Kofoed, G. W. Parker, and the parties hereto were defendants; that the money paid to defendant as aforesaid was so paid in accordance with an erroneous provision in said decree, which, on appeal to the supreme court of Oregon, was thereafter, on August 25, 1879, so modified that the plaintiff was thereby adjudged to be entitled to the said $1,216.25, but the defendant still retains the same and refuses to pay it over to the plaintiff, although often requested so to do.

The law is well settled that on the reversal of a judgment an obligation arises on the part of the party to the record who has received the benefit of the erroneous judgment to make restitution to the other party of or for what he has thereby lost. The reversal of the judgment gives a right of action as between the parties thereto, and creates an obligation against the one who has had the benefit of the same to restore to the other what he has thereby lost. At one time it was the practice to obtain this restitution, either by a writ of restitution when the record showed what had been lost or what money had been paid, and in other cases by a *scire facias quare restitutionem non*, issued out of the court where the judgment was given. But with the growth of the action for money had and received, these proceedings fell into disuse, and the obligation to restore has long since been enforced by action; and under the Code there is no other remedy that I am aware of. *Bank of U. S. v. Bank of Washington,* 6 Pet. 17, 19; *Clark* v. *Pinney,* 6 Cow. 299. And see *Yates* v. *Joyce,* 11 Johns. 140; *Hoxter* v. *Poppleton,* 9 Or. 482; Rapalje & S. Law Dict., "Restitution," "*Scire Facias.*"

Upon the facts stated in the complaint, this seems to be a clear case for recovery. There appears to have been a decree of the circuit court for Clatsop county, ascertaining and determining the rights of the parties in the suit mentioned therein, in a fund then in court or to be there, arising from the sale or disposition of certain property in pursuance of the order of the court, which decree erroneously gave the sum now sued for to the defendant herein instead of the plaintiff, and for that reason was reversed on an appeal to the supreme court. By this erroneous decree the plaintiff lost the $1,216.25 that the defendant obtained; but, as soon as it was reversed, the law created an obligation against the latter to return what it then appeared did

not belong to him but to the plaintiff, for whose use and benefit the defendant is thereafter deemed to have received it.

On the argument, however, counsel for the defendant undertook to put a new face on the facts by citing and reading the opinions of the supreme court in the case of *Trullinger* v. *Kofoed*, 7 Or. 228, and 8 Or. 436. But while a reference to these opinions may give the court a knowledge of some matters connected with said case not contained in the complaint, they cannot be allowed to vary the legal effect of the facts stated therein. The case before the court is confined to the facts stated in the complaint. But really there is nothing in the reports of *Trullinger* v. *Kofoed* contrary to the case stated in the complaint.

From the report in 7 Or. it appears that a suit was brought by Trullinger to enforce a mechanic's lien against certain property of N. Kofoed and Mary, his wife, in which suit G. W. Parker and B. G. Crane, mortgagees of the same property, were made defendants, and also Peter Runey, who claimed a lien thereon by virtue of a mechanic's lien and a mortgage for the same debt,—the former being prior in time to Crane's mortgage and the latter subsequent thereto. And thereupon a controversy arose between the plaintiff and defendant herein as to which of them had the prior lien. The court below decided the question in favor of Runey, and directed the proceeds of the sale of the property, which amounted to $4,218.20, to be distributed accordingly, which was done; but, on an appeal to the supreme court, it was decided that Runey, by taking a note and mortgage for his debt, waived his mechanic's lien, and the decree in this respect was reversed, and direction given for a decree postponing the payment of Runey's claim to that of Crane's. From the report of the case in 8 Or. it appears that the appeal was not taken by Crane until after the order confirming the sale was made, and that it was then taken both from the decree determining the rights and priorities of the parties, as well as such order; and that, on the hearing, the court remanded the case, with the further direction that a resale be made. The court below made the order for resale in pursuance of the mandate, but it does not appear that any such sale has been made; and counsel for the defendant insists that the plaintiff's remedy is by means of this resale. But unless the property will sell for more than it did before,—and it is not likely that it will,—a resale will be of no benefit to any one, and a useless expense to whoever undertakes it; and the plaintiff is under no obligation to resort to it, if it would.

The property brought enough to pay his claim, or so much of it, at the first sale. But this amount,—$1,216.25,—instead of being paid to him, was, in pursuance of the erroneous decree, paid to the defendant, who is, by the reversal of such decree, bound to restore the same to the plaintiff, without any reference to the order of resale, with interest from the date of such reversal. The order of resale was presumably made for the benefit of the defendant, whose claim is now

postponed to all the others. By this means he may save himself by bidding at such resale a sum sufficient to cover his claim. At the first sale there was no inducement for him to do so, as the sum bid covered his claim where it then stood; and probably the owner of the property has a right to have this resale made, with a view of further satisfying the demands against him on account of it. But so far as the sum in controversy in this case is concerned, the plaintiff has no interest in the question. In contemplation of law, he has already received this amount, and cannot get it again, either from the property or its owner. He must look to the defendant, who received it in fact, but, as it turns out, only for his use.

The demurrer is overruled.