THOMAS J. HOWE *vs.* WISCASSET BRICK AND POTTERY COMPANY, AND SETH PATTERSON, assignee, claimant.

Lincoln.    Opinion April 7, 1886.

*Liens on bricks.    Insolvency.*

One who performs labor, or furnishes labor or wood for manufacturing and burning brick, under a special contract by which he has a lien on the bricks for his pay, has no lien therefor under R. S., c. 91, § 28.

Such a lien is not affected by the insolvency of the debtor.

ON EXCEPTIONS.

An action to enforce a lien on bricks under R. S., c. 91, § 28. The defendant being insolvent the assignee in insolvency appeared and claimed the bricks attached. The exceptions were to the ruling of the presiding justice that the plaintiff had no statute lien.

The opinion sufficiently states the facts.

*George B. Sawyer*, for the plaintiff.

The lien sought to be enforced by this suit is based on R. S., c. 91, § 28. " Whoever performs labor, or furnishes labor or wood for manufacturing or burning bricks, has a lien on such bricks for such labor and wood," etc., and the same and subsequent sections prescribe the time, manner and proceedings for the enforcement of such lien, all of which have been complied with.

The statute is not one which can be restricted or diminished in its operation by strict rules of construction. It is in the interest of common right and in accordance with the common law. Chitty on Contracts, (10th Am. ed.) 594; *Sawyer* v. *Fisher*, 32 Maine, 28.

The vocabulary does not afford a more comprehensive term than the word " whoever " by which the application of the statute is determined. As defined by Webster, it is synonymous with " whosoever," and means " any one without exception," " any person whatever."

Proceedings in insolvency do not defeat a lien nor deprive the claimant of the ordinary and appropriate means for its enforcement. " The assignee takes the property subject to all existing liens and incumbrances." *Hutchinson* v. *Murchie*, 74 Maine, 187.

The plaintiff's employment as general manager made him an agent of the corporation. Law Dictionary, title " Manager." An agent may maintain a lien as against his principal. *Newhall* v. *Dunlap*, 14 Maine, 180.

Under the contract the bricks were, and were expected to remain the property of the company until sold, whether by the plaintiff as general manager, or by the treasurer, is immaterial. This contract was supplemental to his general employment. It

embraced all the elements of the particular lien at common law, except that the property was to go out of his possession before he would receive his pay. *Oakes* v. *Moore*, 24 Maine, 214; *Newhall* v. *Dunlap, supra*. It was not a mortgage. *Sawyer* v. *Fisher, supra*. Whatever other rights it conferred upon the plaintiff, he might lawfully waive them, and rely upon the statute lien, for which it laid a complete foundation.

In reply counsel cited: Potter, Corporations, § 84; *Bank of U. S.* v. *Dandbridge*, 12 Wheat. 64; *Bank of Columbia* v. *Patterson*, 7 Cranch, 299; 2 Kent's Com. 289, 290; *Coffin* v. *Rich*, 45 Maine, 507; 1 Greenl. Ev. 189; *Kip* v. *Bank of N. Y.* 10 Johns. 63; *Cram* v. *Bangor House Prop.* 12 Maine, 354; *Winslow* v. *Kimball*, 25 Maine, 493; *Ingalls* v. *Cole*, 47 Maine, 530; *Pratt* v. *R. R. Co.* 42 Maine, 579; *Collins Granite Co.* v. *Devereux*, 72 Maine, 422; *Deering* v. *Cobb*, 74 Maine, 332; *Briggs* v. *Parkman*, 2 Met. 258; *Clarke* v. *Minot*, 4 Met. 346; *Fuller* v. *Nickerson*, 69 Maine, 228; *Spofford* v. *True*, 33 Maine, 297; *Plummer* v. *Walker*, 24 Maine, 14; *Holmes* v. *Robinson M'f'g Co.* 60 Maine, 201; *Dyer* v. *Brackett*, 61 Maine, 587.

*Henry Ingalls*, for the defendant and assignee, cited: *Cunningham* v. *Hall*, 69 Maine, 353; *Storer* v. *Haynes*, 67 Maine, 420; *Lambard* v. *Pike*, 33 Maine, 141; *Bicknell* v. *Trickey*, 34 Maine, 273; *Pearson* v. *Tinckner*, 36 Maine, 384; *Johnson* v. *Pike*, 35 Maine, 291; *Perkins* v. *Pike*, 42 Maine, 141; *Bank* v. *Redman*, 57 Maine, 405; *Baker* v. *Fessenden*, 71 Maine, 292; *Deering* v. *Lord*, 45 Maine, 293.

LIBBEY, J. After the evidence was out the presiding judge directed the jury to return a verdict for the plaintiff for the amount claimed, and that he had no statute lien on the bricks attached therefor. To this direction the plaintiff excepted. If there was evidence which, if true, would authorize the jury to find that the plaintiff had such a lien the direction was wrong.

The evidence relied on to support his lien comes wholly from the plaintiff. The defendant corporation was engaged in manufacturing brick, in Wiscasset. The plaintiff was its general

agent in carrying on that business. He testified, in substance, that, in the spring of 1884, the corporation was without means to prosecute its business, and he made a contract with its directors to go to Wiscasset, contribute his personal labor, advance his money to hire laborers and buy wood, manufacture the bricks, get them into market, sell and convert them into money, reimburse himself, and pay the balance, if any, into the treasury of the corporation; and that under this contract he burnt two kilns of bricks, when the corporation was put into insolvency.

By this special contract he had a lien upon the bricks which he manufactured. The terms of the contract were inconsistent with the statute lien. The plaintiff was to put them into the market, convert them into money, satisfy his own claims, and pay the balance, if any, to the corporation. Proceedings to enforce a lien under the statute would prevent the performance of his contract. He could not put them into market and sell, but they must be attached and remain till judgment might be rendered for the lien, and then the sale is a judicial sale, at the place of manufacture. This process might be much more prejudical to the defendant than the enforcement of the lien under the contract. The two liens could not exist together, and it must be presumed that the parties intended to substitute the lien by special contract for the statute lien. *Barrows* v. *Baughman*, 9 Mich. 213.

The plaintiff's lien under his contract was in no way affected by the insolvency. The assignee took only what interest in the property the debtor had. *Hutchinson* v. *Murchie*, 74 Maine, 187; *Merry* v. *Lynch*, 68 Maine, 94.

*Exceptions overruled.*

PETERS, C. J., WALTON, DANFORTH, EMERY and FOSTER, JJ., concurred.