BARROWS v. BAUGHMAN.

## David Barrows v. John A. Baughman and Others.

A builder's lien under the statute, will not exist where the agreement itself provides that the contract price shall be secured by mortgage on the premises built upon.

A bill was filed in Chancery. the object of which was to establish and enforce a lien upon real estate, and to have it declared a prior lien to a certain mortgage taken with notice of the contract under which the lien was claimed. But the bill did not allege such notice, and it was therefore *held*, that the question of notice was not in issue, and that the evidence to establish it could not be regarded at the hearing.

A contract to give a mortgage was put upon record, but by mistake in draughting it only the starting point in the description of the lands was given. A mortgage upon the land intended to be described, was subsequently given and put upon record. It was *held* that the record of the contract was not notice to the mortgagee, since no one could say from anything contained or referred to in the contract what was the specific land upon which the mortgage mentioned in it was to be given.

*Heard April 9th and 10th. Decided May 1st.*

Appeal by complainant from the Wayne Circuit in Chancery.

The bill alleged that, on August 17, 1855, John A. Baughman was the owner of a tract of land in Springwells, conveyed to him by Bela Hubbard, containing about 18 acres, and was about to erect a large and valuable brick house on nine acres thereof described in the bill, and entered into a contract with Stephen S. Barrows for the building of the same, as follows:

"Articles of agreement made this seventeenth day of August, 1855, by and between John A. Baughman of the city of Detroit, and State of Michigan, of the first part, and Stephen S. Barrows of the said city and State of the second part, witnesseth, that the party of the second part for and in consideration of the covenants and agreements hereinafter named and specified to be performed by the party of the first part, doth agree for himself, his executors, administrators or assigns, to do all the interior joiner work according to plans and specifications for the same, and the carpenter's and joiner's work of all the piazza,

according to specifications signed by the parties to this contract, of a brick building intended for a dwelling house, and also all the bay windows of said house, which is situated in the township of Springwells, Wayne county, Michigan, being built upon the following described lands, being part of the private claim 77, beginning at the south east corner of a tract of land conveyed to John A. Baughman by Bela Hubbard, by deed bearing date July 2, 1855, and recorded in the Register's office of Wayne county, in Liber 60 of deeds at page 344: said work to be done in a good substantial and workmanlike manner, according to said plans and specifications: said work to be fully done and completed on or before July 1, 1856. For and in consideration of the faithful performance of the foregoing contract, by the party of the second part, covenants and agrees for himself, his heirs, administrators and assigns, the full and just sum of $4000 to be paid within five years after the said work is done, with interest eight per cent. per annum, for which the bond of the first party shall be given, secured by a first mortgage on the above described premises as collateral; and for all work that has been done or may be done by the day or otherwise not included in said contract prices, and for all materials furnished or that may be furnished for said work by second party, shall be paid for by the party of the first part at the usual prices for such labor and material so furnished and done. It is further agreed that the party of the first part is to furnish all the materials for the above described work, and all other work that may be required to be done, at his own proper expense and cost, and of such kind and quality as shall be required for said work, and when wanted by the said party of the second part, alterations in the above described work from the plans, deducting the difference in expense where it costs less to do the work, and paying for all additional cost and expense that may be added where the alteration adds to the ex-

pense of the work." Which contract was witnessed and acknowledged by the parties, April 2, 1856, and recorded in the Register's office of Wayne county, December 24, 1856.

The bill alleged that it was the intention of both parties to the contract, that Stephen S. Barrows should have a mechanic's lien on said nine acres of land under the statute: " that Bela Hubbard, who was a son-in-law of said Baughman, when said contract was entered into was a subscribing witness to said contract, and he, the said Hubbard, well knew the object of said contract to be the same as hereinbefore set forth, and he had full notice and knowledge of said contract, and the object of it as hereinbefore set forth." It further alleges performance of the contract on the part of Stephen S. Barrows, its assign- ment to complainant, a refusal to pay on the part of Baughman, whereupon complainant applied to his attorneys to take legal proceedings to obtain payment or security, when for the first time he ascertained that a mistake had been made in draughting said contract, in consequence of which the nine acres intended to be described therein were not described at all, but only the point of commencement in the description was given.

The bill then set forth that Baughman, without consideration, mortgaged said nine acres to Hubbard, March 15, 1856, for $13,460; that the mortgage has been assigned to E. C. Walker and E. C. Litchfield, who had full notice of the contract, its object and intent, at the time of the assignment, and of complainant's lien under the same: That on December 26, 1856, Baughman also gave a mortgage to N. P. Stewart for $1000 on the same premises; that this mortgage was without consideration, or if given *bona fide,* Stewart had full notice of said contract and that it was intended to give a lien upon said nine acres. And the bill claims, that if said mortgages were given upon any valuable consideration, they still ought to be postponed to complainant's lien.

The bill prays that the description of land in the contract be corrected · that the Hubbard and Stewart mortgages be declared void; that Baughman be decreed to pay the amount due under the contract, and that the nine acres be sold to pay the encumbrances, including what was due under the contract, in their order.

Baughman, Hubbard and Walker, were required to answer under oath.

Walker and Litchfield answered, setting out a valuable consideration for the mortgage assigned to them, and denying that they knew any thing of the Barrows contract at the time of the assignment.

Hubbard, in his answer, admits his having witnessed the Barrows' contract, but avers that, to the best of his recollection and belief, he signed his name as witness at the time of the execution of the contract, and not at the time of the acknowledgment; that he had only a general knowledge of the contents of the contract, that he never read the same to the best of his recollection, and only knew generally that it was a contract for the carpenter work on Mr. Baughman's house. He denies that he knew then or knows now how much or what part of the eighteen acres was intended to be described in the contract, or that any part was intended to be so described; or that he knew or had any reason to know that it was the intention of Baughman and Barrows, or either of them, that the contract should create a lien on any portion of the eighteen acres, until he accidentally saw the contract recorded. And he denies that such, at the time of the making of the contract, was the intention, and avers that it was entirely an afterthought of Barrows.

Baughman, in his answer, denies that it was the intention to create a mechanic's lien under said contract, and says he never supposed it was anything but an agreement for a mortgage to be executed when the work was done. And he alleges that the contract was not made at the time

of its date, but at the time of its acknowledgment, April 2, 1856.

Stewart alleges his mortgage to have been given for a full consideration, and denies that at the time of taking and recording the same he had any notice of the contract.

Question was made by the answers as to the amount due under the contract, which it is unnecessary to notice. Replication was filed to the several answers, and proofs taken.

The Circuit Court made a decree, correcting the description in the contract, denying complainant's lien precedence to the Hubbard and Stewart mortgages, dismissing the bill with costs as to Hubbard, Litchfield, Walker and Stewart, and ordering a sale of the nine acres to satisfy $6680 found due complainant, with interest at eight per cent. from February 21, 1857, unless paid on or before January 1, 1861.

*L. Bishop*, for complainant.

*E. C. Walker*, for defendants, except Stewart.

CHRISTIANCY J.:

We do not think the contract between complainant and Baughman would have entitled complainant to any relief on the ground of a mechanic's lien, had it properly described the land; and (though we give no opinion upon the point) we are not entirely satisfied that, for the purpose of such lien, any further description was necessary, in a case like the present; the tract upon which the house was erected being less than one hundred and sixty acres. See *Comp. L.* § 5068.

But the contract provides upon its face for a *mortgage* security upon the same land to which the lien is claimed to attach — a species of security entirely inconsistent with the idea of a mechanic's lien upon the same land as a security for the same debt.

MICH. 9 — P

BARROWS v. BAUGHMAN.

The lien authorized by the statute is intended as a security for the *payment* of the debt, and can only be enforced as a means of compelling *payment*. Doubtless such lien may attach and be enforced to compel payment whether the debt be payable in cash or otherwise. But the statute does not give the lien for the purpose of compelling the debtor to give other *collateral security* for the debt, nor does it provide any mode of enforcing it for such a purpose. Yet this is the only purpose, we think, for which the lien could be claimed to exist under this contract. At all events no remedy could be given upon it in this case as a means of enforcing payment, as the debt is not yet due. But we are satisfied that the statute creates no lien where the parties, by their contract, provide for a different security upon the same land for the same debt which the lien would otherwise secure.

The only remedy, therefore, which it is competent to give to the complainant in this case, is to correct the mistake in the contract by inserting the description of the land, and by enforcing specific performance by a decree for the execution and delivery of the bond and mortgage.

It is fully admitted by the counsel for the defendants, that the nine acres of land described in the bill as that on which the house is situated, was intended to be, and ought to have been, inserted in the contract; and we are satisfied such is the fact. The complainant is therefore entitled to a decree for such correction. He is also entitled to a decree against defendant Baughman, for the execution and delivery by him of a bond, and a mortgage (to secure such bond) on 'the nine acres, for the amount due on the contract, to be made payable at the time provided in the contract, which was to be five years after the work was completed. The last item of work appears to have been done, and the contract substantially completed, about the twenty-first day of February 1857. The bond and mortgage must therefore be made payable on

the twenty - first day of February 1862, with interest at eight per cent. per annum from the twenty-first of February, 1857.

As to the amount to be secured by the mortgage, the contract is not entirely clear; it is very loosely drawn, but we think, by fair construction, defendant Baughman was to give his bond and mortgage not only for the four thousand dollars, for work thereafter to be done, as specified in the contract, but also for all the work which had been done or might be done, by the day or otherwise, not included in the contract prices, as well as all materials furnished or to be furnished by the complainant.

[The question of the amount due under the contract is then discussed, and the sum fixed at $6740.79, and the opinion then proceeds as follows:]

But admitting that the question of preference could be properly decided in this suit, and that the respective mortgages of Hubbard and Stewart, if taken with full prior notice of the contract, would be postponed to the mortgage to complainant, provided for by the contract (upon which we express no opinion); still we can not, in this case, give complainant a preference over either of said mortgages, for two very conclusive reasons: First, because such prior notice is not averred in the bill, as to the Hubbard mortgage, and secondly, no such prior notice is proved either as to the Hubbard or the Stewart mortgage.

The only portion of the bill which alludes to notice to Hubbard is as follows: "And your orator further shows that one Bela Hubbard, who was the son - in - law of said Baughman, when said contract was entered into was a subscribing witness to said contract, and he the said Hubbard, well knew the object of the said contract to be the same as hereinbefore set forth, and he had full notice and knowledge of said contract and the object of it as hereinbefore set forth."

This allegation is not made in connection with, or with reference to, the mortgage to Hubbard, and can only be construed as an averment of notice of the contract at the time it was executed and witnessed. The bill alleges that it was witnessed and acknowledged on the second day of April, 1856. Such at least we think is the fair import of the allegation: at all events there is no allegation of its being witnessed at any other time, nor that it was witnessed before the date of Hubbard's mortgage. The bill states the Hubbard mortgage to have been dated the fifteenth day of March in the same year.

Prior notice to Hubbard was not, therefore, put in issue; and no evidence of such notice could properly be admitted: — *Warner v. Whittaker,* 6 *Mich.* 133 ; *Bloomer v. Henderson,* 8 *Mich.* 395. But, had it been properly in issue, no such notice was proved in this case. Hubbard was required to answer on oath, and he denies that he knew that any part of said land was intended to be described in the contract. The only testimony which goes to show prior notice to Hubbard is that of Stephen S. Barrows, the contractor. To say nothing of any interest or bias he may be supposed to have, we are satisfied that the weight of even his testimony (though somewhat contradictory and confused) when taken together, and considered with reference to all the circumstances, tends rather to show that the contract was not executed and witnessed till about the date of its acknowledgment (April 2, 1856), some eighteen days after the execution of the mortgage to Hubbard, and that Hubbard could not therefore have had notice of the contract when he took the mortgage.

The answer of Stewart denies notice, actual or constructive. Prior actual notice is not claimed to have been shown by the evidence, as to him. But, as his mortgage was taken two days after the recording of the contract, it is claimed that the record was constructive notice of the contract.

But, admitting (without intending to decide) that the record might, without any description of the land, have been notice of a mechanic's lien had the contract been in other respects sufficient to create such lien; yet as it could not so operate, for other reasons already given, the record could only operate as notice to the extent of the land described in it. And the description must be such that by construction, or by the aid of the references contained in it, the land intended may be specifically ascertained by metes and bounds. Here is no such description, by reference or otherwise. A single mathematical point only is described, as a starting point, and, though an inference may perhaps be drawn from the instrument that some land was intended to be included, and was omitted by mistake, yet when considered without reference to a mechanic's lien (as to which it might perhaps be aided by the statute) no one can say from any thing contained or referred to in the contract, what was the specific land upon which a mortgage was to be given.

The decree dismissing the bill as to Hubbard, Litchfield, Walker and Stewart, must be affirmed with costs; and a decree must be entered against defendant Baughman, in accordance with the foregoing opinion. But as, on the one hand, the decree of the court below has been slightly increased, and on the other, has been materially narrowed by our decree, in refusing the remedy by foreclosure, given by the court below, and by postponing for one year the time of payment, neither complainant nor defendant Baughman, is entitled to the costs on appeal. But complainant is entitled to costs as against defendant Baughman, in the court below.

The other Justices concurred.