## HILTS *v.* HILTS.

[72 Pac. 697.]

FILING PAPERS — PAYMENT OF FEE — STATUTES.

1. The general rule that a paper is filed when it has been delivered to the proper officer and received to be kept in the official records, does not apply where the payment of a stated fee is made a prerequisite — in the latter case the paper is not filed until the fee has been paid. Where a statute requires that a transcript, for example, shall be filed with the clerk of the appellate court by a certain time after perfecting the appeal, and that the appellant, on filing the transcript, shall pay to the clerk a stated fee in advance, the transcript is not filed until the fee has been paid, notwithstanding its delivery into the possession of the officer.

APPEAL — MOTION TO AFFIRM OR DISMISS.

2. Under B. & C. Comp. § 553, requiring the appellant to file a transcript, after which the appellate court shall have jurisdiction, and not otherwise, and providing that if the transcript is not filed within the time fixed, the appeal shall be deemed abandoned, a failure to file a transcript in time may be taken advantage of by motion to dismiss the appeal, and a motion to affirm the judgment is not the exclusive remedy.

From Union : ROBERT EAKIN, Judge.

Action by J. M. Hilts against Rachel Hilts. Judgment for defendant, and plaintiff appeals. Heard on a motion to dismiss the appeal.        DISMISSED.

*Mr. J. W. Knowles* for the motion.

*Mr. J. D. Slater, contra.*

MR. JUSTICE WOLVERTON delivered the opinion.

This is a motion by respondent to dismiss the appeal because (1) the transcript was not filed in this court within

the time required by law, or any extension by the trial court; and (2) the notice of appeal was not served upon the district attorney. This motion was argued and submitted on the first day of the term, but, reserving its decision thereon, the court subsequently heard the case upon its merits. In the view we take of the matter, a decision upon the first ground assigned in the motion will dispose of the case.

1. By order of the trial court, made and entered November 5, 1902, the time within which defendant was required to file the transcript of the cause in this court was enlarged to the 3d of the following month. It was received on that date by the deputy clerk at Pendleton, and a notation made in the docket of its receipt; but the filing fee of $15, which should accompany it, remaining unpaid until December 16th, it was not filed until the latter date. It may be noted, however, that upon receipt of the transcript the deputy clerk, by mistake, notified the attorney for respondent of the failure to forward the filing fee, but, upon being informed of his mistake, notified appellant's attorney, who at once forwarded it. The appellant insists that, notwithstanding this state of the case, there has been a proper filing of the transcript within the prescribed time, and that she is therefore entitled to a decision upon the merits. The statute provides, in effect, that, upon an appeal being perfected, the appellant shall, within thirty days, or within such extension of time as the trial court, or judge thereof, or the supreme court, or a justice thereof, may allow, file with the clerk of the supreme court a transcript, or such an abstract as the rules of the appellate court may require, and that upon the filing thereof he shall pay to such clerk the sum of $15, which, with all other fees collected by virtue of his office, shall be paid to the state treasurer: B. & C. Comp. §§ 553, 887. The general rule operating under ordinary statutes regarding the filing of a paper or docu-

ment is that it is filed when delivered to the proper officer, and by him received to be kept on file: Bouvier's Law Dict. (Rawle's Rev.); 13 Am. & Eng. Ency. Law (2 ed.), 15; *McDonald* v. *Crusen,* 2 Or. 258: *Moore* v. *Willamette T. & L. Co.* 7 Or. 359; *Powers* v. *State,* 87 Ind. 144; *Peterson* v. *Taylor,* 15 Ga. 483 (60 Am. Dec. 705); *Floyd* v. *Chess-Carley Co,* 76 Ga. 752; *Gorham* v. *Summers,* 25 Minn. 81; *Reed* v. *Acton,* 120 Mass. 130; *Tregambo* v. *Comanche M. & M. Co.,* 57 Cal. 501.

But a filing may depend upon the terms of the statute authorizing it, and will not become operative until the requisites are first complied with, at least in substance; and, if a fee is made a necessary prerequisite thereto, no filing is accomplished or effected without the payment of such fee. To illustrate: Under an Indiana statute the Secretary of State was required to exact certain fees for filing and recording an agreement of railroad companies to consolidate, which provided that he should neither file nor record any of such articles unless all the fees for filing were first paid; and it was held, in *State* v. *Chicago & E. I. Ry. Co.* 145 Ind. 229 (43 N. E. 226), that the payment of such fees was a condition precedent to the filing — in other words, that the filing could not be effected without the prior payment of the requisite fees — the court saying: "The rule may be asserted that where the statute provides that the filing fee shall be paid in advance of the filing of the document, and where the money therefor does not, under the law, go to the officer with whom the same is required to be filed, as his own remuneration, but goes into the public treasury for the benefit of the state, as it does in accordance with the requirements of the statute in question, the officer must be considered (at least in discharge of the duty enjoined upon him to collect the fee in advance for the services rendered by the state through him) as the agent of the latter; and, as such, he

is not authorized to file the papers or articles presented and required to be filed, although they may be left at his office or in his custody for such purpose, until the fee is first paid; and, in consideration of law, they cannot be held or deemed to be filed until there is a compliance with this requisite condition. Under such circumstances the law is the letter of the officer's agency, and he has no warrant to waive the advance payment of the fee." A rule of similar import is promulgated in *Pinders* v. *Yager*, 29 Iowa, 468, and we are of the opinion that it should be applied under the circumstances in the case at bar. Upon filing the transcript the appellant is required to pay to the clerk, in advance, the sum of $15. Nothing could be plainer than a legislative intendment that the fee, ultimately to be paid over to the State Treasurer, should be prepaid as a prerequisite to the filing; and, without such an observance of the statute, there could be no filing. The purpose, no doubt, was to facilitate the collection of the public revenue derivable from this source, and the filing was therefore made dependent upon its prepayment. In the present instance the transcript was not received by the clerk to be kept on file, as he refused to so treat it, or to make a notation of filing thereon, until the fee was paid, thus rightly interpreting the statute; and, the fee not having been paid in advance, there was no filing, within the purview of the law, within the prescribed limit for filing such transcript; hence the motion should be allowed, and the appeal dismissed. However desirous it may be to have causes disposed of on their merits, the court cannot evade or override a positive statute to enable it to do so. Indeed, it can acquire no jurisdiction for that purpose in the face of such statute.

2. It is suggested that the motion should have been to affirm the judgment rendered (B. & C. Comp. § 553), and not to dismiss; but the latter is employed in constant practice, and is adequate for the purpose of presenting the

question whether or not the appeal has been perfected so as to give the appellate court jurisdiction of the cause.

DISMISSED.

Decided 29 June, 1903.