Argued Nov. 3, decided Dec. 19, 1911, rehearing denied Feb. 6, 1912.

## HART v. PRATHER.

[119 Pac. 489.]

APPEAL AND ERROR—RECORD—TRANSCRIPT—TIME OF FILING.

1. Failure to comply with Section 554, subd. 2, L. O. L., providing that, if the transcript be not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned, is jurisdictional, and failure to file the transcript within 30 days after the appeal was perfected, as required by subdivision 1, requires a dismissal of the appeal.

APPEAL AND ERROR—RECORD—TRANSCRIPT—PAYMENT OF FILING FEES
    —NECESSITY.

2. Section 1113, L. O. L., relates to the duty of the clerks of the circuit court in certain counties, and provides that no transcript on appeal, etc., or other papers, in probate proceedings, shall be filed until payment of fees. *Held*, that the clerk of the circuit court could not waive the payment of the prescribed fee as a condition precedent to filing a transcript on appeal in a will contest and consent to appellant paying the fee after the transcript was filed because he did not then know the exact amount of the fee; the transcript not being in law filed until after payment of the fee, though Section 547, L. O. L., provides that delivery of a paper to the clerk shall constitute a filing.

From Malheur: DALTON BIGGS, Judge.

Statement by MR. JUSTICE BURNETT.

This is a proceeding by George R. Hart against Martin V. Prather originating in the county court of Malheur County on the contest of a will. When the decision was rendered there, oral notice of appeal was given by the defendant, and the clerk was directed to prepare a transcript. Both parties concede that the 30 days after the perfection of the appeal expired on July 21, 1911,

by which time the transcript should have been filed in
the circuit court. On the 13th or 14th of July the
appellant's attorneys called at the county clerk's office.
and were shown the transcript by that officer. Deeming
his certificate informal. they dictated another one to his
stenographer, and requested the clerk to have it
extended, sign, and append it to the transcript, which,
when it should be thus authenticated, they directed him
to file as of that date. At the same time the attorneys
for the appellant offered to pay the clerk the filing fees
and the fees for making the transcript, but without
either specifying any amount or producing any money
so as to make the transaction a valid tender. The officer
stated, in substance, that he could not then tell the
amount required to cover the filing fees and the charge
for making the transcript as he had not computed the
latter, but that appellant was financially responsible,
and good for the necessary payment. In this state the
matter was allowed to rest until August 15th, when the
clerk indorsed the transcript, "Filed July 24, 1911."
On motion of the respondent the circuit court dismissed
the appeal on the ground that the transcript was not
filed within 30 days after the appeal was perfected, and
the appellant prosecuted a further appeal to this court.

AFFIRMED.

For contestee and appellant there was a brief over
the names of *Messrs. Wheeler & Hurley, Mr. George
E. Davis, Mr. John L. Rand* and *Mr. William H. Pack-
wood, Jr.,* with an oral argument by *Mr. Packwood, Jr.*

For contestant and respondent there was a brief over
the names of *Messrs. McCulloch, Soliss & Duncan,* with
oral arguments by *Mr. Albert N. Soliss* and *Mr. John W.
McCulloch.*

MR. JUSTICE BURNETT delivered the opinion of the court.

1. "If the transcript or abstract is not filed with the clerk of the appellate court within the time provided, the appeal shall be deemed abandoned and the effect thereof terminated." Section 554, subd. 2, L. O. L.

The "time provided" is determined by the first clause of that section to be "within thirty days" after the appeal is perfected. These requirements are jurisdictional, and failure to comply with them is fatal. *Davidson* v. *Columbia Timber Co.*, 49 Or. 577 (91 Pac. 441); *Burchell* v. *Averill Machinery Co.*, 55 Or. 113 (105 Pac. 403).

2. Section 1113, L. O. L., in part reads thus:

"It shall be the duty of the several clerks of circuit and county courts in this State in counties of not more than 50,000 inhabitants, at the time of the filing of any suit, action or proceeding for the enforcement of private rights, including appeals, * * to exact from the plaintiff or moving party " certain fees scheduled in that section, " and no complaint, transcript on appeal, petition, writ of review or any other papers in probate proceedings above mentioned shall be filed until such payment is made."

This language is mandatory, not only upon the county clerk, but also upon the courts and we cannot disregard it. The county clerk, as the official servant of the county in the collection of fees as part of its revenue, has no power to waive any of the provisions of the law prescribing his duty. Not only so, but the appellant and his attorneys knew that the scope of the officer's duty was thus restricted. Still further, the fees for making the transcript, as well as the one required to be paid before filing the same, being established in plain terms by the statute, the appellant and his attorneys could easly have computed them and tendered the amount to the clerk; but even this was not done or attempted. The whole transaction as disclosed by the

affidavits appears to have been an effort on the part of the appellant to do business with the county clerk on a credit basis when the statute expressly requires it to be done for cash in advance. We are not unmindful of the terms of Section 547, L. O. L., providing that "a pleading or paper shall be filed by delivering the same to the clerk at his office who shall indorse upon it the day of the month and the year and subscribe his name thereto." We have no disposition either to overturn the doctrine of such cases as *McDonald* v. *Crusen,* 2 Or. 258; *Conant's Estate,* 43 Or. 530 (73 Pac. 1018) ; and *Bade* v. *Hibberd,* 50 Or. 501 (93 Pac. 364) when considered in the light of the conditions under which they were decided. They hold, in substance, that a paper is deemed filed when left with the clerk for that purpose, although he may not have placed thereon the required indorsement. But that section and these cases deal with the mere physical act of filing the paper, and not with the right to have it filed. They are applicable to the former system under which the fee was the private perquisite of the officer which he might waive at his pleasure. Now, however, the filing fee is the property of the county the prepayment of which must be exacted by the clerk. Its payment in advance is a condition precedent without the performance of which the right to have the paper filed does not exist. A precedent controlling the case in hand is found in *Hilts* v. *Hilts,* 43 Or. 162 (72 Pac. 697).

An appellate court can acquire jurisdiction only in the way marked out by the statute. We cannot turn aside from the beaten path thus established, and say that the clerk ought to have disobeyed the law which requires him to exact fees in advance, and forbids him to file the transcript until the filing fee is paid.

The action of the circuit court in dismissing the appeal is affirmed.                                   AFFIRMED.

MR. JUSTICE BEAN delivered the following dissenting opinion:

This is an appeal by contestee from a judgment of the circuit court dismissing an appeal from a decree of the county court of Malheur County.

On June 14, 1911, the county court rendered a decree canceling a will of Mary Elizabeth Hart, at which time the contestee gave due notice of an appeal to the circuit court. An undertaking on appeal was served and filed June 15, 1911. Allowing 30 days from the expiration of the time for excepting to the sufficiency of the sureties under the provision of Section 550, L. O. L., the appellant was required to file the transcript in the circuit court on or before July 21, 1911, under Section 554, L. O. L., as conceded by counsel for both parties. The transcript was indorsed by the county clerk as filed "July 24, 1911." This was done on August 15, 1911, and the contestant moved to dismiss the appeal for the reason that the same was not filed within the time required by law. Affidavits in resistance and in support of the motion were filed. Those on behalf of contestee are to the effect that on July 13, 1911, the county clerk, pursuant to the request of contestee's counsel made at the time of filing the undertaking, had prepared and certified to the transcript. About this time two of the attorneys for contestant examined the transcript, requested the clerk to amend the certificate thereto, and file the same that day. They offered to pay the filing fee, which the clerk declined, saying that he wanted the fee for making the transcript, but did not then know the exact amount. He said that he would inform them later, and that Martin V. Prather could pay the same. There is some contention as to when this occurred; but it appears to have been some time previous to July 21, 1911. R. G. Wheeler and George E. Davis, attorneys for contestee, fixed the date as "July 14, 1911," and Frank L. Morfitt,

county clerk, as "July 13 or 14, 1911." The clerk states
that the transcript has remained in his custody ever
since that time. Nothing further was done in regard
thereto until after the time for filing had expired, when
different requests were made by counsel for the parties
as to the date of filing marks to be indorsed thereon, and
the matter was held in abeyance until the next month.
The clerk states that the fees were paid as requested,
but that he does not remember of any specific demand
being made by counsel for contestee to file the
transcript, until July 24, 1911, when he was requested
by one of the attorneys for the contestee to file the
same as of July 13, 1911; but that a request to
do so might have been made by them on either July
13 or 14, 1911. The transcript was ordered and made
for no other purpose than for filing, and the form of
the request is not material. The affidavits of A. N.
Soliss, R. M. Duncan, and J. W. McCulloch, attorneys
for contestant, in support of the motion, are to the effect
that two of the counsel for contestant examined the
transcript on the evening of July 21, 1911, and found
it not marked as filed; that they were informed by the
clerk that no request has been made to file the same,
and that the filing fee was not paid until August 14,
1911; that on August 15, 1911, a similar examination
was made before the transcript was marked filed; that
George E. Davis, one of the attorneys who claimed to
have examined the transcript, was not in Malheur
County on July 14, 1911, and was absent from Vale
from July 11, until July 18, 1911. As it appears from
the decree, at the time of the argument, Judge Davis,
stated that he was not certain whether he was in the
county clerk's office on July 14th or 18th. It might be
noted that it is the accuracy as to dates, and not the
veracity of the affiants, that is questioned. There is no
controversy over the fact that the transcript was pre-

pared and certified to, and in the hands of the clerk on July 13, 1911, where it remained. This last date is the only one that serves as a guide; the indorsement of the filing having been made about a month after the controversy arose.

Section 547, L. O. L., provides that a pleading or paper shall be filed by delivering the same to the clerk at his office, who shall indorse upon it the date, and subscribe his name thereto. A paper is said to be filed when it is delivered to the proper officer and by him received to be kept on file. Bouvier's Law Dict.; 19 Cyc. 530. In referring to the above provision of Section 547, L. O. L., Mr. Justice BEAN in Conant's Estate, 43 Or. 530, 534, (73 Pac. 1018, 1020), remarks:

"It will be observed that this statute does not make the indorsement by the clerk a prerequisite to the filing, or provide that no paper shall be deemed filed without such indorsement. The filing consists in delivering the paper to the clerk with an intention that it shall be filed. The law imposes the duty upon the clerk of making the proper indorsement thereon, but his failure to do so cannot affect the validity of the filing. A paper or document is filed within the meaning of this statute when it is delivered to and received by the clerk to be kept among the files of his office, subject to the inspection of the parties."

In the case at bar, the affidavits for the motion to dismiss show that on July 21, 1911, the attorneys asked for the transcript, received the same, and examined it. It is urged that it was in a drawer in the clerk's office, but this suggestion is without force, as it is doubtful if in many of the counties there are sufficient number of appeals to the circuit court to require a certain place for the transcript on appeal to be regularly kept. The affidavits appear to have been prepared upon the theory that the time for filing expired on July 15, 1911, and show that not only was the transcript prepared, but

the same was examined and approved by the attorneys for contestee. The mere matter of an amendment to the certificate thereof would not deprive the appellate court of the jurisdiction which it acquired upon the filing of a copy of the decree of the county court appealed from, notice of appeal with proof of service thereof, and undertaking. Section 554, L. O. L. The transcript should be indorsed as filed July 13, 1911; that being the date of the certificate.

It is also now claimed that the fees required by law for filing the transcript were not paid within the proper time. This, however, was not the basis of the motion to dismiss the appeal, nor was it referred to therein. It is clearly shown by the uncontradicted affidavits that it was not the fault of appellant that the filing fee was not paid, that the clerk desired time to ascertain the number of folios of the transcript, in order to determine the amount to be paid, and when the appellant and his counsel offered to pay the fees, at the suggestion of the clerk, the matter was delayed. The clerk had a perfect right, and it was his duty, to exact and receive the fees for the transcript before filing the same. Such officer of the court, like any other, has the privilege of taking a sufficient time to make a proper investigation and ascertain the correct amount; and the action according to the deposition of the county clerk did not transgress the rule in *Hilts* v. *Hilts,* 43 Or. 162 (72 Pac. 697), but was in perfect accord therewith. In the last-mentioned case it was held that a filing may depend upon the terms of a statute authorizing it, and will not become operative until the requisites are first complied with, at least in substance. In the above case no fees were paid or tendered, and for that reason the clerk did not file the transcript within the required time, while in the case at bar both appellant and his attorneys offered to pay the fees before the time expired, and the only reason this

was not done was the declination of the county clerk to receive the same, owing to his not knowing the exact amount. It is said in the majority opinion that "the appellant and his attorneys could easily have computed them and tendered the amount to the clerk." In my opinion the counting of the words in the transcript is one of the duties of the clerk for which he is paid a salary and attorneys for litigants are not required either under the law or according to the usual practice, to perform this service. In *Templeton* v. *Lloyd,* 59 Or. 52 (115 Pac. 1068), there was a delay in the payment of the fees in one of two cases of the same name, which were tried together in the circuit court, and, the fee having been paid before the motion to dismiss on account of nonpayment was heard, the motion was denied. In *Anderson* v. *Robinson,* decided on November 14, 1911, in which no opinion was written, the transcript was received by the clerk of this court September 25, 1911, within the time allowed by law for filing the same. The fees required to be paid for filing did not accompany the transcript. Counsel for appellant, when his attention was called to this matter, mailed the required fee, and it arrived at the Salem, Oregon, postoffice, within time allowed by law, but was not actually received by the clerk until the next day; and the transcript was then indorsed as filed, being a date after the time allowed by law for filing the transcript. On motion to dismiss, it was held that the transcript was filed within the required time, and the motion was denied. There is no reason under the law why any different or stricter rule should be applied in regard to an appeal to the circuit court than prevails in the determination of appeals to this court.

Counsel for contestant cite the case of *Pinders* v. *Yager,* 29 Iowa 468, wherein an appeal was taken by defendant from a judgment in a justice court, and the transcript was

returned by the justice to the clerk of the circuit court. No fees were paid by defendant as required, and according to a rule of the court the plaintiff paid the fee, had the transcript filed, and the judgment affirmed. Also *State* v. *Chicago & Eastern Illinois R. Co.*, 145 Ind. 229 (43 N. E. 226), a case in which the agent of defendant presented articles of consolidation to the Secretary of State for the purpose of filing for record, and, upon being informed that the fees would be $25,000, to authorize the filing, took the paper away with the consent of the officer; and, in an action by the state to collect the fees, it was held that the articles were not filed, and that the officer properly refused to file the document. All of the cases cited by counsel for contestant are to the effect that an officer has the right to decline to file a document until the fees are paid, which is in no way questioned in the case at bar. Here, as shown by the affidavits of the clerk, the fees were all arranged satisfactorily to him within the time allowed by law, and I think the spirit of the statute was fully conformed to, and that the letter thereof was substantially complied with. Any other rule would seem to sanction the clerk in unintentionally trapping the appellant, and might defeat the ends of justice. The appellant in this case was diligent, and it was no fault of his that the transcript was filed before the fees were paid. See *State* v. *Williams*, 55 Or. 143 (105 Pac. 716). To require a party in a proceeding to pay fees for the county, when there is no officer willing to receive the same, or be held in default for want of such payment, would be analogous to require the attendance of such party at court at his peril, when there was no court in session.

I know nothing about the merits of this case, but think the appeal should be heard. For these reasons, I am unable to concur in the opinion of the majority of my associates.