Motion to dismiss May 9, allowed May 17, 1961

CITRON *v.* HAZELTINE

361 P. 2d 1011

Kenneth M. Abraham, Hood River, for the motion.

Phipps, Phipps & Dunn, The Dalles, and Adams, Hollen & Poling, Newport, contra.

PER CURIAM.

This is a motion to dismiss an appeal based upon two grounds: (1) Failure to file a designation of transcript at the time of filing the notice of appeal; and (2) failure to deposit the required filing fee at

the time of filing the notice of appeal. It will be necessary to consider only the second ground.

Judgment of nonsuit was entered March 1, 1961, and notice of appeal was filed with the clerk of the circuit court on March 24, 1961. The filing fee of $20 (ORS 21.010) was not deposited with the clerk at the time the notice of appeal was filed, nor until April 3, 1961, when a check for that sum was received by the clerk from the attorneys for the appellant. Before it was received, the time for filing the notice of appeal had expired (ORS 19.026).

ORS 19.035(1) provides:

"At the time the notice of appeal is filed with the clerk [of the circuit court] as provided in ORS 19.023, the appellant shall deposit with the clerk the amount of the Supreme Court filing fee."

Service and filing of the notice of appeal within the time prescribed by statute is expressly provided to be jurisdictional and may not be waived or extended (ORS 19.033). The question is whether this court acquires jurisdiction of an appeal where the filing fee is not deposited with the clerk until after the time for filing the notice of appeal has expired.

In *Hilts v. Hilts*, 43 Or 162, 72 P 697, this question was squarely presented and decided adversely to the appellant's contention. At the time of that decision the statute required the appellant to file with the clerk of the Supreme Court a "transcript" (not to be confused with the transcript of testimony) within 30 days after the appeal was perfected and to pay to the clerk "in advance" the sum of $15. B. & C. Comp. §§ 553, 887. Filing of the transcript was a jurisdictional requirement. The transcript in the *Hilts* case was received by the clerk within the prescribed time, but the

filing fee remained unpaid until afterwards. Upon its receipt the transcript was filed by the clerk. The court held that the filing came too late and dismissed the appeal. The court said:

"* * * The general rule operating under ordinary statutes regarding the filing of a paper or document is that it is filed when delivered to the proper officer, and by him received to be kept on file: (Citing authorities).

"But a filing may depend upon the terms of the statute authorizing it, and will not become operative until the requisites are first complied with, at least in substance; and, if a fee is made a necessary prerequisite thereto, no filing is accomplished or effected without the payment of such fee. * * *"

It might be suggested that there is a distinction between the *Hilts* case and the instant case in that ORS 19.035(1) provides that the fee shall be deposited "at the time" the notice of appeal is filed, whereas the applicable statute in the *Hilts* case provided that it should be paid "in advance". This, however, is a distinction without a difference. Performance of the act is just as much a prerequisite in the one case as in the other. Nor is it material that in the *Hilts* case the clerk did not file the transcript until the fee was received, whereas here she filed the notice of appeal when it was delivered to her. For "the law is the letter of the officer's agency, and he has no warrant to waive the advance payment of the fee." *State v. Chicago & E. I. Ry. Co.*, 145 Ind 229, 43 NE 226, quoted in *Hilts v. Hilts*, supra.

The appellant calls attention to subsection 2 of ORS 19.035, which reads:

"Within 10 days after a notice of appeal has been filed the clerk shall send to the Clerk of the

Supreme Court, at Salem, a certified copy of the notice of appeal and the appellant's Supreme Court filing fee.",

and argues that the clerk of the circuit court is a mere "transfer agent" and that payment of the fee is not required until the tenth day after the notice has been filed. We think that it would be just as reasonable to say that deposit of the money with the clerk of the circuit court is payment to the clerk of the Supreme Court on the theory that the former is the agent of the latter. Both in fact are collecting agents for the state. See ORS 21.050. In any event, the argument is beside the mark. The statute, in plain language, requires the appellant to deposit the money with the clerk of the circuit court at the time the notice of appeal is filed, and the appellant has no concern with the purely administrative provision for getting the money into the hands of the clerk of the Supreme Court. Even though the latter should never receive it, neither the appellant's rights nor the question of this court's jurisdiction would for that reason be affected. The pertinent rule of law is, as we said in the *Hilts* case, that "a filing may depend upon the terms of the statute authorizing it, and will not become operative until the requisites are first complied with * * *." Whether, therefore, the "deposit" is technically a payment is immaterial; it was the act required to be done, but which the appellant failed to do within the prescribed time.

*Hart v. Prather,* 61 Or 7, 119 P 489, involved an appeal from the county court to the circuit court. The circuit court dismissed the appeal because of the failure of the appellant to pay the fee for filing the jurisdictional transcript within the prescribed time. This court affirmed. A statute applicable to the clerk of

the circuit court, though not to the clerk of the Supreme Court, provided, among other things, that no transcript should be filed until the prescribed fee was paid. § 1113, L. O. L. This statute, however, was not a determinative factor in the decision, for, as the *Hilts* case holds, even in the absence of such a statute, the clerk has no authority to file a paper unless the fee is paid at the time prescribed, and the court in *Hart v. Prather* cited the *Hilts* case as a controlling precedent. 61 Or 10.

So far as we are able to ascertain, there are no subsequent decisions of this court in conflict with *Hilts v. Hilts* and *Hart v. Prather*.

In *Charles K. Spaulding Log. Co. v. Ryckman*, 139 Or 230, 6 P2d 25, a suit to enforce a lien for lumber and material used in the construction of a building, the defendants contended that the lien was invalid because the fee for filing the claim of lien was not all paid until after the time for filing had expired, contrary to a provision of the statute that such fees "shall be collected in advance". The court held the lien valid. It distinguished the *Hilts* and *Hart* cases[1] on the ground, among others, that a section of the lien statute required payment to the clerk in advance of certain fees and provided that the services should not be performed unless the fees therefor were first paid, while another section provided, in effect, that if the services were performed in violation of the provisions of the first section, then the officer performing them should himself become responsible for the uncollected fees,

---

[1] The opinion in Spaulding Log. Co. v. Ryckman says: "Both cases were governed by section 29-106, Oregon Code 1930, * * *." 139 Or 237. This is erroneous. That section, the successor to § 1113, L. O. L., which was applicable only to clerks of the circuit and county courts, governed the *Hart* case. See 61 Or 9. But, as previously indicated, the *Hilts* case involved a filing with the clerk of the Supreme Court and the applicable section prescribing the payment of a filing fee was § 887 B. & C. Comp., which became § 28-103, Oregon Code 1930, and is now ORS 21.010.

and there was no express provision that an act done in violation of the first statute should be invalid or void. These provisions were construed as indicating that the act of the clerk in filing the paper, although the fee was uncollected, was not a mere nullity. We think that nothing in this decision impairs the authority of the *Hilts* and *Hart* cases. They correctly declare the rule applicable to this case. That rule was followed recently by this court when we dismissed an appeal, without opinion, because of failure of the appellant to make a deposit of the filing fee within the statutory time. *Douglas County State Bank v. Bakke*, decided March 28, 1961.

The motion to dismiss is allowed.