JOHNSON, Judge.
Petitioner has filed his petition for writ of certiorari directed to an order of the Circuit Court of the Eighth Judicial Circuit in and for Alachua County, dismissing his appeal there which he was taking from a judgment and conviction in the Municipal Court of the City of Gainesville.
The dismissal of the appeal by the Circuit Court was based solely on the ground that Petitioner had failed to timely deposit his filing fee required for taking of the appeal. It is undisputed that the notice of appeal document itself was timely received by the Clerk of the Municipal Court. The only issue presented in the petition for writ of certiorari is whether the payment of the filing fee for appeal from a judgment in the Municipal Court was mandatory and jurisdictional to perfect the appeal.
The Municipal Court order was rendered June 28, 1968. Notice of appeal was presented to the Clerk of the Municipal Court timely, but the filing fee of $3.50, as required by F.S. 28.241(3), F.S.A. was not deposited until October 16, 1968, which was 110 days after the date of the order appealed, which was long after the time allowed for taking an appeal. Although the notice of appeal was received timely by the Clerk, it was not marked “filed” until the Clerk received the filing fee.
The motion of. the City to dismiss the appeal because of lack of jurisdiction due to untimely filing of the notice of appeal was granted and the appeal dismissed, hence this petition for certiorari.
The sole question is an interpretation of the rule and statute. Is the paying of the filing fee to the Clerk a prerequisite to vesting jurisdiction in the appellate court?
The Second District Court of Appeal of Florida has held in two cases, Woolley v. State of Florida and Clark v. State of Florida [1] that the matter was jurisdictional and dismissed the appeal. In the Dee Woolley case, supra, the court cited Rule 6.4, Florida Appellate Rules, 32 F.S.A., as follows:
“ ‘An appeal may be taken only by filing with the clerk of the lower court a notice in writing stating that the appellant appeals from a judgment, order, ruling or sentence, as the case may be, and if the appeal be taken by a defendant, by depositing a filing fee in the amount prescribed by law * * * unless the appellant is adjudged insolvent prior to the time of such filing * * [Emphasis added.]”
In the Woolley case, the notice of appeal had been received by the Clerk, as in the case sub judice, without the filing fee, which was paid eventually, but after the time for taking appeal had expired. The Court said:
“Since the notices were not filed until April 26, 1966, they are untimely as they were filed more than 90 days from the entry of the judgments and sentences sought to be appealed.”
and cited Clark v. State, supra as authority therefor, and the Court sua sponte dismissed the appeals.
Relying upon these two cases, Clark v. State and Dee Woolley v. State, supra, as authority, the circuit court in the case sub judice, dismissed the appeal of the appellant.
The First District Court of Appeal of Florida, in 1958, in the case of State of Florida ex rel. Moore v. Murphree, 106 So.2d 430, however, held a diametrically opposite view to the Second District Court’s decisions cited supra. In the Moore case, the First District Court, speaking through the late Judge Sturgis, said: “Failure to pay the filing fee affects only the public agency or official that is benefited thereby, and in no wise prejudices the adversary.” The *646 court said further that the Legislature had the unquestioned right to fix the time for appeals which became in effect, statutes of limitation, with the additive that the bar to appeal reaches to the jurisdiction of the appellate tribunal and cannot be waived, but that the statute governs and not the rule, and that the statute has been complied with when the notice of appeal has been duly filed.
These are the only three cases we have found decided in Florida, but we do find the question raised and answered in other jurisdictions.
In Citron v. Hazeltine, 227 Or. 330, 361 P.2d 1011, where a statute existed which is very similar to Section 28.241(3), Florida Statute, the Supreme Court of Oregon said the notice of appeal was not filed within the contemplation of the statute until the fee was paid, and therefore, unless the filing fee was paid within the time fixed for taking appeals, the appeal would be dismissed. A long line of Oregon decisions were cited in support thereof. This case was decided in 1961.
However, in Parissi v. Telechron, Inc. 349 U.S. 46, 75 S.Ct. 577, 99 L.Ed. 867, the United States Supreme Court held that failure to pay the filing fee to the clerk within the 30 day period for appeal, if the notice and other necessary documents had been timely filed, did not vitiate the validity of the petitioner’s notice of appeal. This was a 1955 case.
As late as 1963, the Supreme Court of Oregon, in United States National Bank v. Underwriters at Lloyd’s, 382 P.2d 851, reversed its position from that taken in Citron v. Hazeltine, supra, and speaking of the statute requiring the payment of the filing fee when filing notice of appeal, said: “The statutes can be said to intend that the solution to an unpaid filing fee is not to vitiate the document but to collect the fee * * * and that time of payment is secondary to actual payment.” The motion to dismiss the appeal on the ground of failure to pay the fee within the appeal period was denied.
It appears to this court that the better logic and reason is to adhere to this Court’s former opinion in the State of Florida ex rel. Moore v. Murphree case, supra. That as said by the United States Supreme Court in the Parissi case, supra, that if the fees are not paid, failure to dismiss on the ground that payment was not timely, does not leave the rule “without other sanctions.”
By coincidence, the Moore case, supra, originated with the Honorable John A. H. Murphree of the Eighth Judicial Circuit, wherein Judge Murphree denied a motion to dismiss appeal to his court, where the ground therefor was failure to timely pay the filing fee. This court affirmed Judge Murphree.
In the case sub judice, the same Judge Murphree granted a motion to dismiss the appeal to his court because the filing fee as provided by F.S. Section 28.241(3), F.S.A. was not deposited with the clerk of the Municipal Court within the required time, as required by F.S. Section 932.52, F.S.A., and in accordance with the decision of the Second District Court of Appeal of Florida, in the Clark v. State and Woolley v. State, supra. By adhering to our decision in the Moore case, supra, we must this time reverse Judge Murphree, and by so doing, we are in direct conflict with our sister District Court.
The petition for certiorari is therefore granted, and the order dismissing the appeal is quashed and the appeal reinstated and the cause remanded for further proceedings in accordance herewith.
Because of the conflict with the decisions of the Second District Court of Appeal, as pointed out supra, we certify this case to the Supreme Court of Florida for a decision on the question of whether the payment of the filing fee is a jurisdictional prerequisite or not.
*647 SPECTOR, J., concurs.
WIGGINTON, C. J., specially concurs.

. Woolley v. State of Florida, 193 So.2d 706 (Fla.App.2d, 1966); and Clark v. State of Florida, 191 So.2d 870 (Fla.App.2d, 1966).