ON REHEARING
MANN, Judge.
Within the thirty-day period for filing appeals the appellants sent, and the Clerk of the Circuit Court of Highlands County received, their notice of appeal together with the filing fee of twenty-five dollars prescribed by Rule 2.2, subd. b(6) of the Florida Appellate Rules, 32 F.S.A., payable to the clerk of this court. The Clerk of the trial court wrote appellants’ counsel that the notice of appeal and filing fee in the appellate court had been received but that the $3.50 fee he is required to collect by Section 28.241(3) of the statutes had not been paid and that the notice of appeal would be filed upon receipt. Counsel promptly remitted the $3.50, but the thirty-day period had by then run. Appellees moved to dismiss. We granted that motion, basing our initial decision on the obvious tardiness of the filing date as shown on the papers transmitted to us by the Clerk of the Circuit Court. When the subtlety and importance of the question sank in upon our consciousness we granted rehearing and asked for additional memo-randa of law and heard reargument. We now withdraw our order granting the motion to dismiss, and on rehearing deny the motion.
Rule 3.2, subd. a provides that an “appeal shall be commenced by filing a notice of appeal and depositing the filing fee prescribed by law, which may be by check or money order payable to the clerk of the appellate court, with the clerk of the lower court.”
Rule 3.2, subd. d states that the “filing of the notice of appeal amd deposit of the filing fee with the clerk of the lower court shall give the Court jurisdiction * * *. Failure to transmit a certified copy of the notice and the filing fee to *803 the clerk of the appellate court shall not he jurisdictional
It is obvious that if payment of any filing fee is jurisdictional it is the twenty-five dollar fee payable to the clerk of the appellate court. Since this fee was paid upon the timely presentation to the clerk of the trial court of the notice of appeal, we need not determine whether this court erroneously attached jurisdictional status to this fee in Clark v. State, Fla.App.1966, 191 So.2d 870.
The Clerk of the Circuit Court relied upon an opinion by then Attorney General, now Chief Justice, Ervin which we would probably think sound if the question were involved here. Op.Atty.Gen. 57-239, August 12, 1957. That opinion is to the effect that the legislature’s act of 1955 in requiring the clerk to charge a $3.50 fee “upon the institution of any appellate proceeding from any inferior court to the circuit court * * * or from the circuit court to the supreme court” is intended to apply with equal force to appeals taken to the district courts of appeal created since its enactment. Florida Statutes § 28.241 (3) (1967), F.S.A. We were advised at oral argument that some clerks do and some do not collect this fee on appeals to this court. The statute should be clarified, but that is a legislative function unless and until some curious person refuses to pay it and the courts have to decide whether the distinguished former Attorney General was right. For the moment we are plentifully supplied with questions we must decide and refrain from deciding others gratuitously.
In thoughtful opinions filed by Judge Johnson and Chief Judge Wigginton in Thomas v. City of Gainesville, Fla.App., 220 So.2d 644, opinion filed April 1, 1969, the First District Court of Appeal has held that the $3.50 fee payable to the clerk of the circuit court is not jurisdictional, the same position we have here taken.
In State ex rel. Moore v. Murphee, Fla.App., 1958, 106 So.2d 430, the appellant filed a notice of appeal with the judge on the last day of the appeal period and tendered whatever fee was appropriate, the exact amount of which the judge did not know. The clerk later said that it was $3.50, which the appellant paid. The First District Court held in that case that the circuit court had jurisdiction of an appeal to it.
The First District Court of Appeal has certified the Thomas case to the Supreme Court “because of conflict.” As to the $3.50 fee in the circuit court, the point there and here involved, there is not a conflict.
We would suggest the advisability of the Supreme Court’s changing the wording of the rule to make it clear that the payment of a filing fee is not' jurisdictional. The shortened appeal time and the large number of appeals by indigents in criminal cases would make such a change conducive toward the more efficient administration of justice.
Motion to dismiss is denied.
LILES, C. J., concurs.
PIERCE, J., concurs in conclusion.