229 So.2d 833 (1969)
CITY OF GAINESVILLE, a Municipal Corporation, Petitioner,
v.
James Wayne THOMAS, Respondent.
No. 38556.
Supreme Court of Florida.
October 8, 1969.
Rehearing Denied October 29, 1969.
Allison E. Folds, of Fagan, Crouch & Anderson, Gainesville, for petitioner.
Philip Barton and Edward L. Bush, Gainesville, for respondent.
CARLTON, Justice.
By certified question involving a matter of great public interest, we are asked to review an interpretation of Florida Appellate Rule 3.2(d), 32 F.S.A. rendered by the District Court of Appeal, First District. The facts involved in this case are amply set forth in the District Court's decision, 220 So.2d 644 (1st D.C.A.Fla. 1969), and need not be repeated here.
In essence, the District Court held that the deposit of a filing fee under F.A.R. 3.2(d) is not jurisdictional. The jurisdiction of an appellate court vests according to the timeliness of the filing of the notice of appeal, and not according to the timeliness of the deposit of the filing fee. At the time when this decision was rendered by the District Court, it thought itself to be in conflict upon this point with the District Court of Appeal, Second District. Recently, however, the Second District has revised its interpretation of this rule. See Mills v. Avon Park Motor Co., 223 So.2d 802 (2nd D.C.A.Fla. 1969).
We are of the opinion that the District Court in the instant case has properly interpreted the meaning of F.A.R. 3.2(d). While timely filing of notice of appeal is jurisdictional, the timely deposit of the required filing fee is not. We do not mean to imply by this that the deposit of the fee is not mandatory for we are of the opinion that it is. However, in circumstances where the clerk of the appropriate court is satisfied to accept a notice of appeal without simultaneously collecting the filing fee, then the subsequent deposit of the fee after the running of the appeal time limit will not affect the jurisdiction of the appellate court.
The decision of the District Court is affirmed.
It is so ordered.
ERVIN, C.J., and ROBERTS, DREW and THORNAL, JJ., concur.