ON MOTION TO DISMISS
MANN, Judge.
The Public Defender for the Twelfth Circuit filed a notice of appeal designating correctly the title of the court, the style of the cause, including its correct file number, from which the appeal is taken, the title of the court to which the appeal is taken, the name and designation of the appealing party, and the name and designation of the opposing party, all of which F.A.R. 3.2, 32 F.S.A. requires. But he incorrectly described the judgment appealed from as an “Order Denying Defendant’s Request for Relief Under Florida Rules of Criminal Procedure, Rule 1.850,” and did not state the date of its rendition, the date and book and page of the public record in which it is recorded. After the thirty-day period had elapsed he filed a “Corrected Notice of Appeal” giving the date of the judgment and describing it as a “Judgment and Sentence” but still failing to give the book and page number.
While we do not condone sloppy practice in law offices, particularly where the rights of accused persons are jeopardized, F.A.R. 3.2(c) clearly states that “Deficiencies in form or substance in the notice of appeal shall not be jurisdictional and shall not be ground for dismissal of the appeal itnless it be clearly shown that the complaining party was misled or prejudiced by such deficiencies.” The Attorney General’s motion does not even allege prejudice. The only consequence of granting the motion in any event could be unnecessary work for lawyers and judges alike: Tillery would have a clear right to appellate review on habeas corpus under Baggett v. Wainwright, Fla.1969, 229 So.2d 239.
Dismissal of appeals for procedural irregularity is contrary to the policy of our rules. See City of Gainesville v. Thomas, Fla.1969, 229 So.2d 833. Thus the author’s comment to F.A.R. 6.2 is misleading when it states that “even the most meritorious appeal in a criminal cause may be dismissed if a defective notice of appeal is not amended within the prescribed period within which jurisdiction can be conferred upon the appellate court.” 32 F.S.A. pp. 366-367. It is wrong to read “may” as “must.”
Motion denied.
HOBSON, C. J., and PIERCE, J., concur.