*137 ON MOTION TO DISMISS
BOYER, Chief Judge.
The appellee has filed a motion to quash and dismiss this appeal for lack of jurisdiction, reciting that the summary final judgment appealed was entered on January 27, 1977 and that the notice of appeal was filed with the clerk of the trial court on February 16 but that no filing fee was deposited until March 15. Certificates of the trial court are attached to verify those facts. Appellee urges that Fla.App. Rule 3.2 d. requires the filing fee to be paid within the 30 day appeal period.
In response appellant asserts that the notice of appeal was timely filed and that payment of the fee within the 30 day appeal period is not mandatory.
In Williams v. State, 324 So.2d 74 (Fla.1975) the Supreme Court of Florida said:
“ * * * Henceforth, the notice of appeal timely filed without simultaneous payment of the filing fee or the filing of an adjudication of insolvency shall act to vest jurisdiction in the respective appellate court. Consequently, our holding in City of Gainesville v. Thomas, supra, at 833, [229 So.2d 833 (Fla.1969)] is modified as follows:
‘While timely filing of notice of appeal is jurisdictional, the timely deposit of the required filing fee (or adjudication of insolvency) is not. We do not mean to imply by this that the deposit of the fee (or adjudication of insolvency) is not mandatory for we are of the opinion that it is. The subsequent deposit of the fee after the running of the appeal time limit will not affect the jurisdiction of the appellate court.’ (Explanation added)”
Accordingly, it is ordered that appellee’s motion to quash and motion to dismiss is denied. However, the time periods provided in the Florida Appellate Rules for the filing of the record-on-appeal, briefs, etc. commenced with the filing of the notice of appeal and not with the payment of the filing fee. This case shall therefore proceed strictly in accordance with the time sequences provided in the Florida Appellate Rules.
RAWLS and McCORD, JJ., concur.