Argued and submitted March 10, reversed and remanded August 4, 1999

ALZA CORPORATION,
an Oregon corporation,
*Appellant,*

*v.*

LEHMAN DEVELOPMENT CORPORATION,
an Oregon corporation,
and Cypress Pointe Capital,
an Oregon corporation,
and Lehman Hot Springs, Inc.,
*Respondents,*

*v.*

James B. GRIFFIN,
*Additional Counterclaim Defendant.*

(CV 970327; CA A100114)

986 P2d 59

Adam L. Dean argued the cause and filed the brief for appellant.

Gary E. Enloe argued the cause for respondents Lehman Development Corporation, Cypress Pointe Capital and Lehman Hot Springs, Inc. With him on the brief was Furrer & Scott, LLC.

No appearance for additional counterclaim defendant James B. Griffin.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

Plaintiff appeals from the dismissal of its claims resulting from the trial court's grant of defendants' summary judgment motion. ORCP 47. We reverse and remand.

We review the factual record in the light most favorable to plaintiff, the nonmoving party in the summary judgment proceeding. *See Jones v. General Motors Corp.*, 325 Or 404, 420, 939 P2d 608 (1997). Defendants solicited and eventually retained plaintiff to provide coordination for some construction projects. After several months, defendants began to run behind schedule on a project and requested that plaintiff help obtain the necessary equipment for the project. Plaintiff responded by renting equipment directly to defendants and by allowing defendants to use plaintiff's credit account with a rental agency. Eventually, plaintiff helped operate the equipment on the project at defendant's request. After the completion of the project, defendants disputed plaintiff's charges for the rental equipment and its services. The parties entered into negotiations in an effort to resolve the dispute and, subsequently, defendants signed a $25,000 "promissory note" payable at $1,000 a month.

When the parties failed to resolve their differences, plaintiff filed a complaint in circuit court seeking foreclosure of a contractor's lien that it had filed against defendants' property on January 7, 1997. It also sought recovery of damages in the approximate amount of $40,000. Defendants raised several affirmative defenses to the complaint, including that plaintiff was not registered with the State of Oregon Construction Contractors Board and that it had waived the construction lien by accepting the note. Plaintiff also made a third claim, in the alternative, that in the event the trial court determined that the note represented payment in full of defendants' obligations, then plaintiff was entitled to a judgment under the terms of the note. Defendants moved for summary judgment on its affirmative defenses. The trial court granted defendants' motion without stating its reasons, dismissing all of plaintiff's claims and declaring the lien to have no legal effect.

On review of a motion for summary judgment, we determine whether there exists a genuine issue of material fact and whether the moving party is entitled to a judgment as a matter of law. ORCP 47 C. Apparently, the trial court dismissed plaintiff's claims because it concluded that plaintiff's claims were barred under ORS 701.065 (1995). That statute provides:

"[(1)]   A contractor may not file a lien, file a claim with the board or bring or maintain in any court of this state a suit or action for compensation for the performance of any work or for the breach of any contract for work which is subject to this chapter, unless the contractor was:

"(a)   Registered under this chapter at the time the contractor bid or entered into the contract for performance of the work; and

"(b)   Registered continuously while performing the work for which compensation is sought.

"(2)   If the court determines that the contractor was not aware of the requirement that the contractor be registered, a court may choose not to apply subsection (1) of this section if the court finds that to do so would result in a substantial injustice to the unregistered contractor."

On appeal, plaintiff argues that there are material issues of fact still to be decided as to each of its claims, including whether plaintiff knew of the registration requirement and whether plaintiff would incur substantial injustice if ORS 701.065 were applied to bar its claims. Defendants respond that they presented evidence that plaintiff was aware of the registration requirement of ORS 701.065 and that no reasonable juror could decide otherwise. However, James Griffin, plaintiff's president and sole employee, stated in his affidavit that "I did not believe it was necessary for the corporation to obtain a license from the Builders Board in order to perform these services" and that "I was unaware of any requirement that Alza be registered with the Construction Contractors Board."

Whether summary judgment is permissible in this case first involves a question of interpretation of ORS 701.065(2). The first level of statutory analysis requires us to examine the text and context of the statutory provision itself

for evidence of the legislature's intent. To avoid the effect of ORS 701.065(1), ORS 701.065(2) requires "the court" to determine whether the contractor was unaware of the registration requirement. If that condition exists, then the statute authorizes the court to exercise its discretion in determining whether the application of subsection (1) "would result in a substantial injustice to the unregistered contractor."

Also, the context of a statute includes other related statutes. *Jones v. General Motors Corp.*, 325 Or 404, 411, 939 P2d 608 (1997). ORS 87.060 provides for the foreclosure of liens by construction contractors. ORS 701.065(1) provides a potential defense to such a foreclosure, while ORS 701.065(2) provides for an avoidance of that defense. ORS 87.060 also says, in part:

> "(3) In a suit to enforce a lien perfected under ORS 87.035, the court shall allow or disallow the lien. If the lien is allowed, the court shall proceed with the foreclosure of the lien and resolve all other pleaded issues. If the lien is disallowed, and a party has made a demand for a jury trial as provided for in subsection (4) of this section, the court shall impanel a jury to decide any issues triable of right by a jury. All other issues in the suit shall be tried by the court.

> "(4) A party may demand a trial by jury of any issue triable of right by a jury after the lien is disallowed * * *."

■ ■ We conclude that the text and context of ORS 701.065(2) require a legal determination by the trial court of the availability of a defense under ORS 701.065(1) before any issues are submitted to the jury under ORS 87.060. Moreover, the determination of whether the contractor was unaware of the registration requirement is a necessary factual predicate to the exercise of the court's discretion under ORS 701.065(2). Here, the parties offered conflicting evidence on the factual issue of plaintiff's knowledge about the registration requirement. Because the trial court was required to resolve the factual dispute about plaintiff's knowledge of the registration requirement before it could make a legal determination about whether the application of the requirement would result in a substantial injustice to plaintiff, summary judgment was precluded under ORCP 47.

■ Alternatively, defendants argue that plaintiff waived its statutory lien rights by executing the note. Defendants rely on *Spaulding Log. Co. v. Ryckman*, 139 Or 230, 6 P2d 25 (1932), for the proposition that, by agreeing to a note payable over a period greater than the maximum statutory duration of a lien, plaintiff lost its rights under the lien. Plaintiff counters that the note was not intended by the parties to represent the full amount that defendants owed plaintiff and was intended to provide security to plaintiff pending resolution of their dispute. We are unable to reach the merits of defendants' legal argument because the record reveals a factual dispute regarding whether the note was intended to be an accord and satisfaction for all of the debt that defendants owed plaintiff.[1]

Plaintiff's president stated in his affidavit that

"Mr. Lucas agreed to pay Alza Corporation $3,000 and to sign a $25,000 note to Alza Corporation as security. The total amount due and owing was not agreed upon. I told Mr. Lucas that I would not agree to a reduction in the amount of the billing and he was reluctant to pay the full amount. It was agreed that he would, for purposes of providing Alza Corporation with some security, sign the note for $25,000, with the further understanding that the total amount due and owing was not yet resolved. It was not understood, at that time, that Alza Corporation's total bill would be paid pursuant to the terms and conditions of the note. The note was simply signed to provide Alza Corporation with some security that it would be paid."

J. Patrick Lucas, president of defendant Lehman Development Corporation, stated in his affidavit that, after he had objected to the amount that plaintiff billed for the project,

---

[1] The note is dated November 7, 1996, and contains Lehman Development's promise to pay Alza $25,000 in monthly installments of $1,000 at a particular interest rate. It also explains that "[t]his Note is the Note referred to in a certain Agreement between Lehman Development Corp. and Alza Corp. dated the 8 day of Nov., 1996 and is subject to all of the terms and provisions of the Agreement." J. Patrick Lucas's signature appears at the bottom on behalf of Lehman Development.

"I agreed to immediately pay Griffin $3,000 and immediately issued a check in that amount on behalf of Lehman Development.

"* * * Mr. Griffin had brought a form of note with him. He told me he needed some sort of security. I refused to execute a note for the amount of the billing because it was clearly excessive.

"* * * After negotiation Mr. Griffin and I agreed that the total amount to be paid to ALZA for all labor, materials, rental equipment and other expenses in settlement of all claims was the above-mentioned payment of $3,000 plus a note for $25,000.

"* * * The note was intended to compromise and settle whatever claims ALZA had against Lehman Development Corporation."

Although the note refers to a written agreement, there is no evidence of a November 8, 1996, agreement in the record. Instead, there are conflicting statements in the summary judgment record about what the parties intended before the note was signed. The trial court was required to determine whether the note was intended by the parties to be a full satisfaction of defendants' debt before it could rule on the effect of the note on plaintiff's lien rights. Because that determination involves a factual dispute, summary judgment was precluded on defendants' affirmative defense that plaintiff had waived the lien by accepting the note.

Plaintiff also argues that ORS 701.065(1) does not prevent it from recovering on the note or on the portion of the damages involving the rental equipment and credit account. We offer no opinion as to whether partial summary judgment would be available on the issues involving those subjects. However, we reiterate that ORCP 47 does preclude resolution on summary judgment of any issue involving a factual dispute. Plaintiff also assigns error to the trial court's award of costs and attorney fees and the trial court's grant of defendants' summary judgment motion on their slander of title claim. The resolution of those issues depends on what occurs on remand.

Reversed and remanded.